[No. 3396. Decided April 11, 1900.]

KNUT ANDERSON, *Appellant,* v. DANIEL SCHNEIDER *et al., Respondents.*

STATUTE OF FRAUDS—PART PERFORMANCE OF ORAL CONTRACT—SPECIFIC PERFORMANCE.

An oral agreement, which under the statute of frauds should be in writing, cannot be specifically enforced, unless there is clear and convincing evidence of the contract, and of a substantial part performance thereof.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*S. S. Langland* and *M. M. Madigan,* for appellant.

*Bausman, Kelleher & Emory,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Suit for specific performance of parol contract for a lease. Respondent Schneider was the owner in fee of certain real estate in King county, and the appellant was in possession thereof as lessee under a lease. The

lease, by its terms, expired on the first of April, 1899. Appellant maintained that respondent Schneider entered into a verbal agreement with appellant to re-lease the premises for a period of three years and five months from on or about the 20th day of October, 1898, upon terms and conditions then agreed upon; that by virtue of this re-lease the existing lease was rescinded by mutual consent at once, and under the terms of the re-lease the lessee would pay the same rent as provided in the existing lease to the first day of April, 1899, and thereafter an increased rental per month; that, in addition thereto, the lessee should immediately do certain work and make certain improvements on the premises, and that the appellant, relying upon the parol agreement, went immediately to work and performed labor and expended some money in carrying out his part of the agreement; that, after the respondent had requested appellant to have the terms of the re-lease so agreed upon put in writing, which respondent agreed to execute, respondent leased the premises to the defendant and co-respondent, Prentice. Respondents denied the parol agreement to re-lease the premises, and also denied the part performance alleged by appellant. At the conclusion of the testimony for appellant, the superior court sustained a motion for a non-suit, and denied the relief prayed for by the appellant.

It may be conceded that the parol agreement appeared to be established from the testimony adduced, but a careful examination of the evidence of the appellant does not sustain his allegation of the part performance of his agreements upon the terms of the contract for a re-lease of the premises. A considerable portion of about thirty acres of the premises was subject to overflow, and its value materially diminished for farming purposes. A small stream ran through this portion of the premises, which was to a

considerable extent filled with snags, logs, and rubbish. Under the existing lease appellant stipulated to keep the premises and the dikes intended for drainage in repair. Complaint was made and some evidence disclosed by appellant that these stipulations had not been performed by him. It is not clear whether ordinary good husbandry did not require appellant to take the obstructions, or most of them, from the small stream referred to, for the purpose of draining the premises through which it ran. Appellant's evidence of the amount of labor done in cleaning this stream and the expenditures made by him is not clear and satisfactory. The expenditure was inconsiderable, and it is not clearly referable to the agreement to re-lease the premises. The lease which appellant seeks to establish is required to be in writing, and is within the statute of frauds, and the rule is elementary that to take such an agreement out of the statute the evidence of the contract and a substantial part performance thereunder must be clear and convincing. The improvements made upon the premises must be of permanent value to the estate, and referable solely to the oral contract.

The judgment of the superior court is affirmed.

GORDON, C. J., and FULLERTON, J., concur.

DUNBAR, J.—The record satisfies me that there was sufficient work done by the appellant to take the case out of the provisions of the statute of frauds. The judgment, in my opinion, should be reversed.