[No. 7020. Decided November 25, 1907.]

FRANK E. CASE, *Respondent*, v. ROBERT PERRIGO *et al.*, *Appellants*.[1]

FRAUDS, STATUTE OF—SALE OF REAL PROPERTY—PART PERFORMANCE —SUFFICIENCY—SPECIFIC PERFORMANCE. There is no such substantial performance of an oral contract for the sale of land as to take the same out of the operation of the statute of frauds, where it appears that the vendee was to discharge a mortgage and give a second mortgage within ten days, which he neglected to do, except to pay interest and a small part of the principal and taxes for several years, that he cut timber on the land without the owner's consent, receiving net profits sufficient to discharge the mortgage, and that after seven years he took possession by stealth without the owner's consent, after deed made to another; since the vendee is not in a position to demand specific performance.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 30, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover possession of real property and to quiet title. Affirmed.

*Solon T. Williams*, for appellants.

*James Kiefer*, for respondent.

HADLEY, C. J.—This is an action to recover possession and to quiet title to real estate. The facts found by the court within the issues, and which we find sustained by the evidence, are as follows: On the 3d day of April, 1906, Warren W. Perrigo, then holding title in fee simple to the property in question, conveyed the same to one Pennicook, as security for a prior loan amounting to a sum between $400 and $500. Thereafter, on June 19, 1906, said Pennicook and his wife conveyed the premises to this plaintiff, and for the title so transferred, the plaintiff paid a consideration of $2,000, the same being paid to said Warren W. Perrigo, and the latter

[1]Reported in 92 Pac. 432.

paid therefrom to said Pennicook a sum sufficient to extinguish his indebtedness to Pennicook.  On the 6th day of April, three days after the aforesaid deed was made to Pennicook, the defendant Robert Perrigo, a nephew of Warren W. Perrigo, at night and without the latter's consent or knowledge, moved upon said premises a small board shack, ten by twelve, formerly used as a bunk house in a lumber camp, and on the next day he occupied the same with his family.  Soon afterwards he moved upon the premises another shack of similar description, twelve by fourteen.  Both shacks were set upon blocks, being temporary structures readily removable from the premises.  Robert Perrigo moved the shacks upon the premises under an alleged claim of right, by virtue of a parol agreement made between himself and his said uncle in the year 1898, whereby the nephew agreed to pay the mortgage indebtedness, then a lien upon the premises for the sum of $490, and the uncle agreed that, upon the payment thereof, he would convey the premises to the nephew.  Subsequently it was agreed orally between them, in addition to the above, that the nephew should, within ten days thereafter, execute to the uncle a second mortgage upon the premises for $300, and the uncle should then execute a deed to the nephew.  The nephew failed to execute the second mortgage.

Between the years 1898 and 1905 the nephew cut and removed from the land quantities of timber for which he received the net sum of about $700.  This was without the consent of the uncle and without his knowledge until after the timber was cut.  The nephew paid the taxes upon the land for the years 1897 to 1902, inclusive, paid the interest upon the said mortgage to September, 1905, procured an extension of time for payment, and paid $40 on account of the principal.  In March, 1906, the uncle paid the balance of the principal of the mortgage, the amount being $450.  He also paid the taxes upon the property for the years 1903 to 1905, inclusive, the taxes for 1903 and 1904 being then delinquent.  About the

same time he placed lumber upon the premises with the inten-
tion of building thereon, and thereupon the nephew moved the
shacks upon the premises in the manner hereinbefore stated,
and he has since lived in them with his family.  Neither the
plaintiff nor his agents had any actual notice of the acts and
claims of the nephew at the time the plaintiff purchased the
premises, but both he and his agents relied upon the records
of the auditor's office of King county, in which county the
land is situate.  Such records disclose no title in said nephew
or claim of any kind upon his part.  From the foregoing facts
the court concluded that the nephew and his wife, the de-
fendants herein, have no right or interest in the premises in
controversy, and that the plaintiff is entitled to a decree quiet-
ing his title against the claims of the defendants, and also to
a judgment for possession.  Such a decree was accordingly
entered, and the defendants have appealed.

The appellants' claim is based entirely upon an oral agree-
ment which they allege has been performed to such an extent
that the agreement is not affected by the statute of frauds.
We cannot agree with this contention.  The test of appellants'
right to relief here is whether they are in a position to demand
specific performance.  Manifestly they are not in such posi-
tion.  They have signally failed to comply with the terms of
the oral agreement.  For a period of seven years they failed
to discharge the mortgage upon the land for $490, and in
all that time they reduced the principal by the sum of $40
only.  They failed to execute to the uncle a second mortgage
upon the land for $300 within ten days, or at all, a condition
precedent under the agreement to their right to demand a
deed.  There has been a remarkable failure to perform appel-
lants' part of the oral agreement.  Part performance of such
an agreement is insufficient to entitle one to relief, unless the
part performance includes substantially what is in his power
to perform.  *Anderson v. Schneider*, 22 Wash. 363, 60 Pac.
1125.  It must be such that to refuse specific performance of
the contract would amount to a fraud upon the purchaser.

*Borrow v. Borrow,* 34 Wash. 684, 76 Pac. 305; *Johnson v. Upper,* 38 Wash. 693, 80 Pac. 801.

Appellants were not only largely delinquent in the performance of their obligation under the agreement, but in addition to that they, without their uncle's consent, removed timber from the land to their profit in the sum of about $700. After all these circumstances had transpired, they stealthily, and without the uncle's consent, went into possession. Such was the possession they held at the time respondent purchased the land. Respondent had no actual knowledge of the possession. But even if he was chargeable with notice of the open possession, as appellants contend, still it is not such possession as they are entitled to maintain as against either respondent's grantor or himself.

We think further comments are unnecessary to show that the trial court was right in its determination of the case. The judgment is affirmed.

MOUNT, ROOT, CROW, and DUNBAR, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.