## Robert McQueen v. Henry Gamble.

*Contract: Repudiation: Estoppel.* A defendant is not at liberty, for the purpose of turning the plaintiff out of court, to set up and claim the benefit of a contract which he concedes he refused to regard and expressly repudiated.

*Common counts: Work and labor: Special contract.* Where plaintiff had performed for defendant services shown to be worth more than plaintiff had received for them, and for which no bargain was made as to price, except one which the defendant shortly after repudiated and refused to regard, it was held error to rule that no recovery could be had on the common counts, and that the action should have been brought on the contract.

*Submitted on briefs January 19. Decided January 21.*

Error to Saginaw Circuit.

*Albert Trask,* for plaintiff in error.

*Wisner & Draper,* for defendant in error.

GRAVES, J:

Plaintiff sued defendant before a justice, under the com-

mon count for work and labor, to recover for services as book-keeper. He got judgment, and defendant appealed. The jury found against him in the circuit court, and he claims the judge erred in charging.

There was no dispute but that he served defendant as book-keeper, at defendant's request, between sometime in April, 1874, and the latter part of the August following, and neither was there any question but that plaintiff had received nearly, if not all, his pay for such services, if calculated at the rate of one thousand dollars per year, and the defendant claimed that it was agreed between them, about the close of the service, that the pay should be at that rate. The defendant claimed he was entitled to six dollars per day for a portion of the time, and five dollars for the rest. The arrangements as to pay were testified to by the parties, and the testimony they gave was contradictory.

That given by plaintiff tended to show that on the 26th of August he talked with defendant, and that it was then agreed that he should work for defendant for a year, including his four month's work performed prior to the 23d of August, at one thousand dollars for the year, and that in accordance with that understanding he entered a credit on defendant's books, and at his request, and that three days afterwards the defendant expressly repudiated this agreement and employed another person in plaintiff's place. The defendant's testimony went to show that the agreement was that plaintiff should receive pay for what he had done at the rate of one thousand dollars per year, and that there was no agreement to employ plaintiff for a year's time. Defendant's version of the arrangement between the parties varied greatly in other respects from that of plaintiff. The court charged the jury that if they believed the plaintiff, then the contract was for a year's hiring, including the four months, and in such case there could be no recovery; that the action should have been brought on the contract, and not on the common count. He further charged, in substance, that if the jury

MCQUEEN v. GAMBLE.

believed the defendant, then the plaintiff was not entitled to recover. The instruction was erroneous. There was evidence tending to show that the service was worth more than at the rate of one thousand dollars per year, and more than the plaintiff had received, and if, as the plaintiff's testimony tended to show, there was no bargain as to price except that made in August, and the defendant repudiated that, and refused to regard it, shortly after it was made, the plaintiff was entitled to recover. The defendant was not at liberty to claim the benefit of a contract he refused to regard and expressly repudiated, in order to turn the plaintiff out of court. If the jury believed the plaintiff's evidence he had a valid cause of action under the general count for work and labor.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.