[No. 5080. Decided May 3, 1905.]

FRANK JOHNSON, *Appellant,* v. HERBERT S. UPPER. *Respondent.*[1]

FRAUDS, STATUTE OF—CONTRACT NOT TO BE PERFORMED WITHIN ONE YEAR—PART PERFORMANCE—SUFFICIENCY—NO DAMAGES IRRESPECTIVE OF FRAUD. Where the plaintiff verbally agreed to care for defendant's farm and stock for a term of five years, sharing the profits, the fact that plaintiff entered and resided upon the premises for five months, and that defendant furnished a part of the stock agreed upon, does not take the contract out of the operation of the statute of frauds, in the absence of any showing by the plaintiff of damages by reason of improvements or money or labor expended or altered condition of the parties; since the doctrine of part performance is an equitable doctrine, resting upon the ground of fraud; and a demurrer is properly sustained to a complaint for estimated damages for loss of profits during the whole term.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 6, 1903, dismissing an action for damages for breach of contract, upon sustaining a demurrer to the complaint. Affirmed.

*Fred H. Peterson,* for appellant, cited: *Browder v. Phinney,* 30 Wash. 74, 70 Pac. 264; *Mowrey v. Davis,* 12 Ind. App. 681, 40 N. E. 1108; *Brown v. Hoag,* 35 Minn.

1Reported in 80 Pac. 801.

373, 29 N. W. 135; *Western Union Tel. Co. v. Chicago etc. R. Co.,* 86 Ill. 246, 29 Am. Rep. 28; *Evans v. Mc Kanna,* 89 Iowa 362, 56 N. W. 527; *Farnsworth v. Western Union Tel. Co.,* 6 N. Y. Supp. 735; *Delavan v. Wright,* 110 Mich. 143, 67 N. W. 1110; *Deeds v. Stephens,* 8 Idaho 514, 69 Pac. 534; *Eaton v. Whitaker,* 18 Conn. 222, 44 Am. Dec. 586; *Fremont Carriage Mfg. Co. v. Thomsen,* 65 Neb. 370, 91 N. W. 376; *Mudgett v. Clay,* 5 Wash. 103, 31 Pac. 424; *Graves v. Smith,* 7 Wash. 14, 34 Pac. 213. The doctrine of part performance applies to cases involving personalty as well as realty. *Kleeb v. Bard,* 7 Wash. 41, 34 Pac. 138; *Reinhart v. Gregg,* 8 Wash. 191, 35 Pac. 1075; *Peck v. Stanfield,* 12 Wash. 101, 40 Pac. 635; *Horr v. Hollis,* 20 Wash. 424, 55 Pac. 565; *Johnson v. Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867; *In re Field's Estate,* 33 Wash. 63, 73 Pac. 768.

*Shank & Smith,* for respondent, cited: Pomeroy, Contracts, § 99; 2 Reed, Statute of Frauds, §§ 215, 216, 548, 550; Browne, Statute of Frauds, § 451; *McBarron v. Glass,* 30 Pa. St. 133; *Chicago Attachment Co. v. Davis Sewing Mach. Co.,* 142 Ill. 171, 31 N. E. 438, 15 L. R. A. 754; *Kidder v. Hunt,* 1 Pick. 328, 11 Am. Dec. 183; *Thompson v. Gould,* 20 Pick. 134; *Eaton v. Whitaker,* 18 Conn. 222, 44 Am. Dec. 586; *Smith v. Phillips,* 69 N. H. 470, 43 Atl. 183; *Hallett v. Gordon,* 122 Mich. 567, 81 N. W. 556, 82 N. W. 827; 8 Ballard, Real Property, § 774; *Burden v. Knight,* 82 Iowa 584, 48 N. W. 985; *Hart v. Chicago etc. R. Co.,* 69 Iowa 485, 29 N. W. 597; *Bartlett v. Wheeler,* 44 Barb. 162; *Atwood's Adm'r v. Fox,* 30 Mo. 499.

MOUNT, C. J.—Appellant brought this action to recover damages for an alleged breach of an oral contract. Respondent filed a general demurrer to the complaint.

This demurrer was sustained by the court. Plaintiff elected to stand on the allegations of the complaint, and the action was dismissed. Plaintiff appeals.

The complaint alleges:

"That on or about September 20, 1902, said plaintiff and defendant entered into a mutual oral agreement as follows, to wit: Said defendant represented that he was the owner of three hundred and sixty acres of land near Derby, and two hundred acres of land situated near Redmond, in said King county, Washington, and had the exclusive control thereof, and it was mutually agreed that said plaintiff should on or before October 1, 1902, enter upon the said land and continue to remain thereon for a period of five years; that said defendant would furnish said plaintiff twenty-five milk cows, and one hundred calves, and five hundred chickens, and would also furnish the necessary feed and supplies for the keeping of said animals and for keeping said premises in proper condition by furnishing lumber and material for repairing fences, barns and the house situated upon said premises; and also to furnish one cream separator on January 1, 1903, and to furnish two incubators on or about February 1, 1903, and that said plaintiff should properly care for said premises and all of said animals and chattels in a proper manner, and that said defendant should from time to time replace any animal sold, or that should disappear or die, by others, and thus keep the number of animals on said place approximately in accordance with the number aforesaid; and said plaintiff should have the management of all of said property and premises.

"That it was mutually agreed in consideration of the foregoing that said plaintiff should be entitled to one-half of the net profits that would arise from the natural increase of said animals and also the products in the way of dairy products and eggs arising therefrom during the entire term of five years.

"That pursuant to said agreement said plaintiff entered upon said premises on or about October 1, 1902, and continued to reside thereon to the present date, and that said

defendant did furnish about thirty calves, but has refused
to supply cows or chickens or any more calves, and has
refused to supply feed for said animals and also has re-
fused to carry out the aforesaid contract, and does now
positively refuse to comply with the terms of said agree-
ment."

The complaint then alleges in substance that, if de-
fendant had complied with the terms of said contract, the
net profits which would have resulted to plaintiff would
have been $1,000 per year, and demands judgment for
$5,000.

According to the allegations of the complaint, the con-
tract was not in writing, and by its terms was not to be
performed within one year from the making thereof. It
was, therefore, void within the terms of the statute · (Bal.
Code, § 4576), unless the allegation of part performance
relieves it from invalidity. Appellant contends that the
allegation "that said plaintiff entered upon said premises
on or about October 1, 1902, and continued to reside there-
on to the present date, and that defendant did furnish
about thirty calves but has refused to supply cows or chick-
ens," etc., amounts to an allegation of part performance
sufficient to take the contract out of the statute above noted.

The doctrine of part performance is an equitable doc-
trine. Pomeroy, Contracts, § 98. It rests upon the prin-
ciple of fraud, and is invoked in those cases where a con-
tract is entered into in good faith, and the plaintiff, rely-
ing upon the contract and in pursuance of it, takes pos-
session of property with the consent of the grantor and
makes expenditures on account thereof, or improves the
same or changes his relation with the grantor, so that a
refusal to carry out the contract would result in manifest
fraud, injustice, or oppression. 2 Warvelle, Vendors,
(2d ed.), § 764 et seq. Contracts of this kind, which are

void in law and not enforcible in a court of law, are maintained in equity upon the equitable doctrine of fraud and estoppel, because "the defendant is really 'charged' upon the equities resulting from the acts done in execution of the contract, and not (within the meaning of the statute) upon the contract itself." 2 Warvelle, Vendors (2d ed), p. 906. The rule is stated in Browne, Statute of Frauds (5th ed), § 457, p. 585, as follows:

"A plaintiff, seeking specific performance of an oral agreement affected by the statute, must be able to show clearly not only the terms of the contract, but also such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape its performance; and also that the plaintiff, in reliance upon this representation, has proceeded, either in performance or in pursuance of his contract, to so far alter his position as to incur 'an unjust and unconscientious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense.' After proof of this, the court may well be justified in using its undoubted power, in cases of equitable estoppel, to refuse to listen to a defendant seeking to deny the truth of his own representations previously made."

See, also, *Borrow v. Borrow,* 34 Wash. 684, 76 Pac. 305.

The complaint in this action demands damages for a breach of contract. But the damages claimed are not such damages as the plaintiff has suffered by reason of expenditures or improvements which had benefited the respondent, or such as arise from time or labor expended under the terms of the contract. The only damages claimed are estimated damages. They are alleged as the amount which plaintiff would have received, had the contract been complied with or specifically performed. In other words, the action is substantially one in specific performance of the contract. The only theory upon which the action can be

maintained is that the part performance alleged takes the contract out of the statute, and makes it enforcible in equity by specific performance. Otherwise, there was no contract, because the statute provides that such contracts are void, and of course no damages would be recoverable.

The complaint was amended once, and comes here as amended. The appellant is standing on its allegations. If appellant had sustained any damages by reason of improvements, or money expended, or altered condition of the parties, or time spent or labor performed, such damages, no doubt, would have been alleged. Since no facts of that kind are alleged in the complaint, we must necessarily assume that there were no such facts in the case, and therefore no damages arising from such conditions. The allegation that plaintiff entered upon the premises and continued to reside thereon for a period of about five months, and that defendant furnished about thirty calves, falls far short of showing any changed relation, "or unconscientious injury and loss," which are essential to authorize a court exercising both law and equity jurisdiction to declare that the defendant is bound as upon an executed contract. For these reasons we think the lower court properly sustained the demurrer.

The judgment is therefore affirmed.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.