[No. 9782.   Department One.   January 4, 1912.]

JACOB ERNST et al., *Respondents*, v. JAKOB SCHMIDT et al.,
*Appellants*.[1]

IMPROVEMENTS—LIABILITY—BREACH OF CONTRACT.   Upon breach of
an oral contract to convey lands to another placed in his possession,
the owner of the lands is liable for the value of improvements placed
thereon, over and above the value of the rents and profits while
occupied.

Appeal from a judgment of the superior court for Adams
county, Holcomb, J., entered April 4, 1911, upon findings
in favor of the plaintiffs, in an action to recover the value
of improvements placed upon defendants' land, after a trial
before the court without a jury.   Affirmed.

*Lovell & Davis*, for appellants. .

*John Truax*, for respondents.

MOUNT, J.—The plaintiff Jacob Ernst is the son-in-law
of the defendants, and Hattie Ernst is their daughter.   In
December, 1908, the defendants owned a section of land in
Grant county.   This land was at that time encumbered by
a mortgage of $4,000.   They desired to give the land to
their children, eighty acres to each of the daughters.   With
that object in view, they agreed with the plaintiffs that, if
plaintiffs would occupy and improve a certain eighty-acre
tract for a period of four years, at the expiration of that
time the defendants would deed the land to the plaintiffs
free from the mortgage.   The plaintiffs accepted this offer
and moved upon the land, which was unimproved, and pro-
ceeded to improve the same by erecting a dwelling house,
barn, outhouses, fences, etc., and cultivated a portion of the
land.   In October, 1909, the plaintiff Jacob Ernst and his
father-in-law, Jakob Schmidt, had some words which led to

[1]Reported in 119 Pac. 828.

blows, and the latter ordered the plaintiffs to leave the premises, which about one month later they did. The plaintiffs thereupon brought this action, to recover from the defendants the value of the improvements which they had placed upon the land. Upon a trial of the case, the lower court found in favor of the plaintiffs, and entered a judgment against the defendants for $960, being the value of the improvements upon the land. The defendants have appealed from that judgment.

Defendants argue that there was no breach of the contract on their part, but that the plaintiffs themselves violated the agreement by leaving the premises, and are therefore not entitled to recover. It is conceded that the defendant Jakob Schmidt, at the time of the trouble, ordered the plaintiffs to leave the property; but it is claimed that the defendants a few days later sent word to the plaintiffs that they need not leave, but should remain upon the land, and there is evidence in the record to support this claim. The plaintiffs denied that they were so informed. The court, after hearing all the evidence upon this point, found that the defendants at the time of the trouble "and several times immediately thereafter, ordered and directed plaintiffs to leave the said lands and premises and to vacate the same; that pursuant to said orders and directions, and for the reason that it was impossible for plaintiffs and defendants to live longer in peace and harmony upon said premises, plaintiffs removed therefrom." We must assume, therefore, that the defendants breached the contract.

The rule is stated in *Martin v. Atkinson*, 7 Ga. 228, 50 Am. Dec. 403, as follows:

"As to the right of Martin to recover compensation for the value of the improvements which he put upon the land, over and above the rents and profits while he occupied it, it would seem to be founded on the clearest principles of equity. Atkinson got the benefit of these improvements—what justice would there be in not making him pay for them?"

And in *Pitt v. Moore*, 99 N. C. 85, 5 S. E. 389, 6 Am. St. 489, as follows:

"Whatever may have been the ancient rule, it is now well settled by many decisions, from *Baker v. Carson*, 1 Dev. & B. Eq. 381, in which there was a divided court, but Ruffin, C. J., and Gaston, concurring, and *Albea v. Griffin*, 2 D. & B. Eq. 9, by a unanimous court, to *Hedgepeth v. Rose*, 95 N. C. 41, that where the labor or money of a person has been expended in the permanent improvement and enrichment of the property of another by parol contract or agreement which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed to take and hold the property thus improved and enriched, 'without compensation for the additional value which these improvements have conferred upon the property,' and it rests upon the broad principle that it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act."

See, also, notes to the same case in 6 Am. St. *supra*.

Whether the original contract in this case was within the statute of frauds or not is immaterial, because where the defendant is found to have breached the contract, he would be liable in either event. The judgment is therefore affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.