[No. 14159.    Department One.    September 18, 1917.]

BERTHA B. JOHNSON, *Respondent*, v. W. S. NORMAN *et al.*, *Appellants.*[1]

LANDLORD AND TENANT—LEASE—ASSIGNMENT. Lessees of a hotel are not released by an assignment to a hotel company without the consent of the landlord, where there was no understanding or agreement that they executed the lease as nominal parties for the benefit of the hotel company organized to take over the lease.

SAME—LIABILITY FOR RENT—TERM. The provisions of a lease with reference to appraisements and readjustment every five years cannot be avoided by reason of the fact that the term of the lease extended beyond the life expectancy of the lessees.

SAME — LIABILITY FOR RENT — ASSIGNMENT OF LEASE. Where a hotel company, to whom a lease had been assigned, was merely a name under which the lessees were operating, the lessees cannot escape liability merely because an appraisement of the lease was made at a time when the lease had been assigned, the landlord at all times having dealt only with the lessees.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered January 8, 1917, upon findings in favor of the plaintiff, in an action for rent, tried to the court. Affirmed.

*Allen, Winston & Allen* and *Rigg & Venables*, for appellants.

*H. J. Snively*, for respondent.

MORRIS, J.—On May 29, 1907, respondent, the owner of a hotel property at Yakima, leased the same to appellants for a term of fifty years. Rental for the first five years was fixed in the lease, rental for the remainder of the term stated to be determined by an appraisement of the property and the fixing of the rental at a sum which would net six per cent on the valuation; such appraisement was to be every five years. The lease further provided that, within the next ten years, the lessees might assign the lease to any firm or corporation in which they held a controlling interest. On June

[1]Reported in 167 Pac. 923.

1, 1907, the Normans organized a corporation known as the Yakima Hotel Company, and assigned the lease to it. Arrears of rent being unpaid, this action was brought against the Normans and against the hotel company. Judgment went for the plaintiff below, and the Normans appealed.

The appeal is based upon two grounds. First, it is contended that it was understood at the making of the lease that the Normans were only nominal parties and that the real lessee was to be the hotel company, subsequently to be organized, which was to take an assignment of the lease. The record does not support this contention. The Normans were well known and apparently successful hotel men conducting a number of hotels in this state, and it is apparent that their reputation and ability as hotel men were large factors in the obtaining of the lease. While Mrs. Johnson had no objection to the Normans conducting the hotel as individuals or as a corporation, it is plain that she never consented to release them from the obligation to pay rent, and, irrespective of the name under which the hotel was conducted, to her the real and responsible parties were the Normans. So far as the law is concerned, it is admitted by appellants that the mere assignment of the lease and the acceptance of rent from the hotel company did not release the Normans; they seek that release on what they contend was the general understanding and agreement when the lease was executed. Irrespective of any question as to an attempt to avoid the terms of the lease, we find no such understanding or agreement sustained by the evidence.

The second contention grows out of the provision relating to the appraisement and readjustment of the rent every five years, and a contract entered into in December, 1910, providing for the sale by Mrs. Johnson to the hotel company of a portion of the property included in the lease, whereby it is said the Normans were released by operation of law. In support of the first of these contentions, it is said the term of the lease extended at least thirty years beyond the life

expectancy of either of the Normans, and that, for this reason, it is apparent that the appraisement and readjustment of the rent must be had by other parties. We do not think it is the law that a party can avoid the obligations of a lease because it is extended beyond the period of his life expectancy. The law cannot, and does not, attempt to fix a time within which covenants to pay rent must mature; the time in which a contract is to be wholly performed is purely and wholly a matter of contract resting within the discretion of the contracting parties.

There is nothing in the appraisement which took place in June, 1912, under which the Normans can escape liability. While one of them was in Europe at that time, it is plain that, notwithstanding the assignment of the lease to the hotel company, the other Norman was the moving spirit in this appraisement on the part of the lessees, not acting for the hotel company, but as one of the original lessees in their own behalf. So with the contract of sale of December, 1910. While the purchaser named was the hotel company, the real parties in interest were undoubtedly the Normans. After default in this contract, numerous attempts were made on behalf of respondent to induce the Normans—not the hotel company—to fulfill their contract, resulting in an understanding whereby the Normans consented to a forfeiture of their contract, not as officers of the hotel company, but as the moving spirits and real parties in interest in the lease. It is too clear for argument that the Yakima Hotel Company was but the name under which the Normans were conducting the Yakima Hotel, and that in their dealings with respondent they acted under the assumption that, notwithstanding the assignment of the lease, they were still in control of the property and were the ones—and the only ones—with whom to contract regarding the terms of the lease or any disposition of the property thereunder.

Judgment affirmed.

ELLIS, C. J., CHADWICK, MOUNT, and MAIN, JJ., concur.