[No. 15333.   Department One.   October 28, 1919.]

S. C. WHITE, *Executor etc., Appellant,* v.
VIVIAN CHELLEW *et al., Respondents.*[1]

DEEDS (15)—DELIVERY—DEED TO PROPERTY DEVISED—EFFECT.   To
be valid, a deed by a testator to a devisee must have been delivered
in his lifetime; and passes title to the estate at the date of delivery,
leaving nothing for the will to operate upon.

WILLS (70-1)—CONSTRUCTION—CONDITIONS — FORFEITURE THROUGH
CONTEST.   Where title to land devised had passed under a deed to
the devisee, delivered during the testator's lifetime, it would not be
forfeited by the grantee's contest of the will, under the forfeiture
clause in the will in case of contests by beneficiaries.

ESTOPPEL (33)—GROUNDS—INCONSISTENT CLAIM IN PRIOR LITIGA-
TION.   Where, on a contested claim, the executor asserted that the
claim was satisfied by a deed to the claimant, who was also the
devisee, and that title passed by the deed rather than by the will,
the executor is estopped, in a subsequent will contest by the devisee,
from asserting that title passed by the will rather than the deed
and that the devise was forfeited by the will contest, under the
forfeiture clause in the will.

JUDGMENT (222)—CONCLUSIVENESS—BAR—MATTERS ACTUALLY LITI-
GATED.   A judgment on a contested claim against an estate that the
claim had been satisfied by a deed of property also devised to
claimant, is *res judicata* in a subsequent will contest, and conclusive
that the deed was delivered and that the title passed to the devisee
at the time of the delivery of the deed, rather than by the will at
the date of testator's death.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered February 3, 1919,
upon overruling a demurrer to the answer, dismissing
an action for equitable relief.   Affirmed.

*W. W. Langhorne,* for appellant.

*O. J. Albers,* for respondents.

MAIN, J.—The plaintiff by this action seeks a judg-
ment decreeing that he is the owner of an undivided
interest in certain real estate in Lewis county.   In the
answer of the defendants two affirmative defenses were

[1]Reported in 185 Pac. 619.

pleaded, to the first of which the plaintiff replied. To the second he demurred. The demurrer being over-ruled, he elected to stand thereon and refused to plead further. Thereupon a judgment was entered dismissing the action, from which the appeal is prosecuted.

To an understanding of the question presented, it is necessary to summarize the facts stated in the complaint, as well as the facts of the second affirmative defense.

The facts in the complaint are these: Samuel Chellew died in Lewis county on the 9th day of September, 1916, having prior to his death made and published his last will and testament, a copy of which is made a part of the complaint. On the 13th day of December, 1916, the will was duly admitted to probate. By the terms of the will, S. C. White, the plaintiff in this action, was appointed executor, and he is now the qualified and acting executor of the estate.

At the time of his death, the testator left surviving him, as his only heirs at law, a sister, Kate Smith, and a brother, Vivian Chellew. On the 12th day of December, 1917, Kate Smith and Vivian Chellew filed a petition in the superior court for Lewis county for the cancellation of the will, alleging mental incapacity and undue influence. On the 14th day of April, 1918, and while this contest was still pending, Kate Smith died and her brother, Vivian Chellew, was appointed administrator of her estate. On August 21, 1918, Vivian Chellew, in his own right and as administrator of the estate of Kate Smith, moved the dismissal of the will contest. On December 10, 1918, an order was entered dismissing that proceeding.

The third clause of the will provides:

"I give and bequeath unto Mrs. Kate Smith, my sister, the land upon which she now lives, a deed to her having been made by me to her."

Another clause in the will was the following:

"I further direct, that any legatee contesting or attempting to contest this my last will and testament be cut off and shall receive and be entitled to one dollar only."

By this action the plaintiff seeks to have it decreed that a thirteen-twentieths (13-20) interest in the land referred to in the third clause of the will as having been devised to Mrs. Kate Smith has been forfeited by reason of the proceeding to contest the will, in which she participated during her lifetime, and which action, subsequent to her death, was dismissed upon the petition in which the administrator of her estate joined as a party.

The facts stated in the second affirmative defense are substantially these: Vivian Chellew, one of the defendants, was the duly appointed, qualified and acting administrator of the estate of Kate Smith, deceased. Vivian Chellew, as administrator of his sister's estate, filed a claim with S. C. White, as executor of the will of Samuel Chellew, claiming that the latter's estate owed to the former the sum of $700, which it was claimed was due on a written instrument signed by Samuel Chellew during his lifetime. This claim was rejected and an action was brought upon it. In this action S. C. White, as executor, filed an answer setting up that the $700 was cancelled by the conveyance from Samuel Chellew to Kate Smith, as set forth in the defendant's first affirmative defense. The deed here mentioned is the same deed that was referred to in the third clause of the will above quoted. By this deed the property in controversy was conveyed by Samuel Chellew, for and in consideration of the sum of $700, to Kate Smith.

After the issues were framed in the action upon the claim for $700 against the estate of Samuel Chellew,

the cause in due time came on for trial, and resulted in findings of fact, conclusions of law and judgment in favor of the defendant. In that action it was found that the execution of the deed was in satisfaction of the $700 upon which the action on the claim was based, and for the purpose of carrying out the will. By the second affirmative defense in this action, it was sought to plead a former adjudication. In other words, that, in the action on the claim, upon the issues there made, it was determined that the property in controversy passed by virtue of the deed, for a consideration named, and that the deed was further given for the purpose of fulfilling an intention declared in the will.

The controlling question here is whether the appellant is estopped now to assert a forfeiture by reason of the action to contest the will, because he appeared in the action on the claim and asserted that the property in controversy passed by the deed, for the consideration named therein. Whether the appellant is estopped by the action on the claim from now raising the question which he seeks to have determined in this action depends upon whether the facts which he there relied upon are inconsistent with his present position. *Munson v. Baldwin*, 93 Wash. 36, 159 Pac. 1070. By his position in the former action, he necessarily asserted that the title to the property passed by the deed rather than by the will, and that the conveyance was for a named consideration. This position was sustained upon the trial of the action, and the claim upon which it was based held to be satisfied by reason of the conveyance. If the title passed by the deed and not by the will, it would seem necessarily to follow that it was not now subject to be forfeited because of a violation of the terms of the will relative to a contest thereof.

The deed speaks from the date of its delivery, the will from the date of the death of the testator. There must have been a delivery of the deed during the lifetime of the grantor in order to sustain its validity. As already pointed out, the validity of the deed was sustained in the action which is pleaded as *res judicata*. The deed, being delivered during the lifetime of the grantor, would pass an estate from the date of its delivery; consequently the will, which would be subsequent in time, could not operate upon the same property covered by the deed. *Nichols v. Emery,* 109 Cal. 323, 41 Pac. 1089, 50 Am. St. 43; *Zimmerman v. Hafer,* 81 Md. 347, 32 Atl. 316.

In the case last cited, where the situation was similar to that of the present case, it was said:

"If the deed had been sustained, Zimmerman would have held title under it and not under the will. Clearly he could not have held the same estate under both the deed and the will at the same time. If the deed had prevailed, he would then have held under it, and it only, because it would then have conveyed the grantor's entire interest to the grantee, being ostensibly a deed in fee-simple. If it had effectively conveyed a fee, then it would have divested the grantor's whole interest in the property, and having been executed prior to the will, there would have been no estate left in the grantor for the will to operate upon."

The position of the appellant in this case with reference to the deed and his position with reference thereto in the action upon the claim are not consistent. There, to sustain his defense, he asserted the validity of the deed. If the deed were valid, title passed upon its delivery. In this action the appellant asserts rights in the property under the will. He could not consistently, in one action, take the position that the deed was valid and that the property passed thereby,

and, in another, that the devolution of the property was controlled by the terms of the will.

· The judgment will be affirmed.

FULLERTON, TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.

HOLCOMB, C. J., took no part.