[No. 16885.  Department Two.  April 11, 1922.]

## W. G. MUCKLE, *Respondent*, v. LOUIS HOFFMAN, *Appellant*.[1]

FRAUDS, STATUTE OF (42)—OPERATION AND EFFECT—PART PERFORMANCE.  One who in good faith goes into the possession of land under an oral contract to purchase, and incurs expense in reliance on the contract, may recover as damages, the value of the work done.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered January 11, 1921, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Chas. W. Johnson*, for appellant.

MACKINTOSH, J.—A reading of the testimony in this case shows that the evidence preponderates in favor of the following findings of fact made by the trial judge:

"That in the summer of 1919, the plaintiff and defendant made and entered into an oral agreement whereby the defendant agreed to sell to the plaintiff for $1,000 a quarter section of wheat land in Franklin county, Washington; that no written contract was

[1]Reported in 205 Pac. 1048.

made by the said parties, but that the said parties agreed that they would, at some later date, go to the town of Connell, and have a written contract prepared and would sign the same, and that under the said contract the plaintiff would agree to pay and would pay to the defendant the sum of $500 on the 1st day of October, 1919, and the remaining sum of $500 at a later date. That before the 1st day of October, 1919, the plaintiff asked of the defendant and was granted by the defendant an additional time until the 1st of December, 1919, for the making of the first payment.

"That the plaintiff relied upon the said oral agreement and went into possession of the said premises and did work thereon in the summer of 1919, by plowing and weeding the same and preparing the same to be seeded to wheat, which said seeding was to be done in the spring of 1920, that the doing of said work by the plaintiff was with the knowledge and express consent and approval of the defendant.

"That after the said labor and services had been performed by the plaintiff, the defendant refused to execute or deliver to the plaintiff the contract for the sale of the said premises and refused at all times to pay the plaintiff for the said labor and services, and still refuses so to do.

"That the defendant received the benefit of the labor and services so performed by the plaintiff and has been benefited thereby . . ."

Upon these findings, judgment for $340 was entered for the respondent, from which this appeal has been taken.

It has been the contention of the appellant throughout the progress of this case that the respondent's action could not be maintained for the reason that the oral contract between the parties fell within the statute of frauds. This action is not one seeking to enforce the oral contract, but to recover the value of the labor which the respondent performed under the contract to the benefit of the appellant, which was obtained by the appellant's wrongful act.

This court, in *Johnson v. Upper*, 38 Wash. 693, 80 Pac. 801, refused to allow damages for loss of profits for the breach of an oral contract falling within the statute of frauds, but recognized the rule that, where there has been a part performance in good faith by the plaintiff of the contract entered into, and the performance was made in reliance upon the contract and in pursuit of it, and the refusal on the part of the defendant would result in fraud, injustice or oppression, an action for the value of the work done in compliance with the contract and in execution of it could be maintained against the defendant, upon the equitable doctrines of fraud and estoppel, for the reason that " 'the defendant is really "charged" upon the equities resulting from the acts done in execution of the contract, and not (within the meaning of the statute) upon the contract itself.' "

The court said further in that case:

"If appellant had sustained any damages by reason of improvements, or money expended, or altered condition of the parties, or time spent or labor performed, such damages, no doubt, would have been alleged,"

the court in effect holding that, had there been such an allegation in that case, the complaint would have stated a cause of action.

It is further urged by the appellant that the respondent is not entitled to recover for the reason that he was the one who had first breached the contract, and cites the case of *Johnson v. Puget Mill Co.*, 28 Wash. 515, 68 Pac. 867. The evidence, however, does not establish this fact, but, on the contrary, establishes that the initial breach was by the appellant.

For the reasons stated, the judgment is affirmed.

PARKER, C. J., MAIN, and HOLCOMB, JJ., concur.