[No. 21321.  Department One.  October 3, 1928.]

GEORGE W. GREGORY, *Appellant,* v. ALEXANDER PEABODY
*et al., Executors, Respondents.*[1]

[1]Reported in 270 Pac, 825.

228

*George F. Hannan,* for appellant.
*Bronson, Jones & Bronson,* for respondents.

MITCHELL, J.—This action was brought to recover the value of improvements made by the plaintiff upon the real property of Charles E. Peabody and his wife. It was alleged that he, for himself and the community composed of himself and wife, entered into an oral agreement with plaintiff to give a fifteen year lease of five acres of what is commonly known as Donnybrook farm to a corporation to be organized by the plaintiff and to be known as "Donnybrook Gardens", of which plaintiff and others were to be stockholders; and that, relying upon the agreement, the plaintiff, with the knowledge and consent of Charles E. Peabody, was engaged several months in the construction of a greenhouse on the premises for the benefit and use of the corporation to be organized. That it was explained by the plaintiff and understood by Charles E. Peabody that the lease should run to the corporation, so that the corporation and not the plaintiff should be liable to pay the rent, and that the amount thus spent by the plaintiff in the erection of a greenhouse was $4,830.80 in which amount the value of the real property was enriched and enhanced. That, after the greenhouse was built, and upon perfecting arrangements for the organization of the corporation, Charles E. Peabody refused to execute the lease to it, thus compelling plaintiff to abandon the enterprise. It was further alleged that Charles E. Peabody had died leaving a will, which was admitted to probate, and under which Alexander Peabody, Ira Bronson and Lily M. Peabody, as executors, were administering his separate estate and that of the community,

and that a duly verified creditor's claim for the amount above stated had been presented to and rejected by the executors, and that it had been filed in the probate cause in the office of the clerk of the superior court.

The amended answer, on which the case was tried, in addition to certain general denials, affirmatively alleged: (1) that, if any such oral agreement was made, it was void and unenforcible under the statute of frauds of this state, because it was not in writing signed and acknowledged by Charles E. Peabody and his wife; (2) that, if any enforcible agreement was made, which defendants did not admit, Charles E. Peabody tendered a full compliance which plaintiff refused to accept; and (3) that the subject-matter of the action had been adjudicated in a former action wherein this plaintiff was plaintiff and Charles E. Peabody and his wife were defendants. The affirmative defenses were denied by the plaintiff. On the trial of the case, there was a verdict for the plaintiff. Defendants filed a motion for judgment notwithstanding the verdict, and also a motion for a new trial. The motion for judgment notwithstanding the verdict was granted, and the motion for new trial was denied. The plaintiff has appealed from the judgment dismissing the action.

■ The contention of the respondents is that the decedent agreed to give a lease to the appellant and not to the corporation proposed to be organized, and that he tendered such a lease. This we understand is the meaning of the second affirmative defense. While there was evidence in the case tending to establish that claim, there was, on the contrary, quite enough to satisfy the jury that the decedent agreed the lease should run to the corporation so that it would be liable for the rent and not the appellant. There was

testimony that, during the negotiations leading to the
final agreement, in discussing the form of the instru-
ment to the corporation, it was suggested by or on
behalf of the decedent that the appellant, who held
this five-acre tract together with other lands under a
forfeitable real estate contract, should himself make
the lease to the corporation to which the decedent
would give written consent, but that the plan was
objected to by the appellant unless he was relieved
from personal liability to pay the rent because de-
cedent's consent that appellant make the lease would
not relieve appellant from personal liability according
to the case of *Johnson v. Norman,* 98 Wash. 331, 167
Pac. 923, which was referred to by the appellant in
their negotiations; and that it was finally agreed that
the decedent should give the lease so that the corpora-
tion alone would be liable. It was further shown that,
with the knowledge of the decedent, the appellant con-
structed a greenhouse on the premises, reasonably
costing the amount of his claim, for and on behalf of
the corporation to be formed, and that, upon com-
pleting arrangements to organize a corporation, the
decedent refused, upon demand, to furnish the lease
as agreed to, thus compelling appellant to abandon
his plan. The decedent took possession of the prop-
erty and thereafter continued in possession, the appel-
lant having been paid nothing for making the im-
provements.

The defense that the appellant is not entitled
to recover because the agreement was void under the
statute of frauds is not available, since this is not an
action for specific performance. Observing the appli-
cability or non-applicability of the statute, according
to the remedy sought, this court said in *Muckle v.
Hoffman,* 119 Wash. 519, 205 Pac. 1048:

"This action is not one seeking to enforce the oral contract, but to recover the value of the labor which the respondent performed under the contract to the benefit of the appellant, which was obtained by the appellant's wrongful act."

In *Ernst v. Schmidt,* 66 Wash. 452, 119 Pac. 828, Ann. Cas. 1913C 389, plaintiff recovered the value of improvements placed on land during the existence of an oral contract of the owner to convey, the contract to convey being breached after the improvements were made. He was allowed to recover upon the theory stated in *Pitt v. Moore,* 99 N. C. 85, 5 S. E. 389, 6 Am. St. 489, cited in the opinion, as follows:

"Whatever may have been the ancient rule, it is now well settled by many decisions, from *Baker v. Carson,* 1 Dev. & B. Eq. 381, in which there was a divided court, but Ruffin, C. J., and Gaston, concurring, and *Albea v. Griffin,* 2 D. & B. Eq. 9, by a unanimous court, to *Hedgepeth v. Rose,* 95 N. C. 41, that where the labor or money of a person has been expended in the permanent improvement and enrichment of the property of another by parol contract or agreement which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed to take and hold the property thus improved and enriched, 'without compensation for the additional value which these improvements have conferred upon the property,' and it rests upon the broad principle that it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act."

As stated in *Muckle v. Hoffman, supra,* this same rule was recognized in *Johnson v. Upper,* 38 Wash. 693, 80 Pac. 801, although not enforced in that case because it was not shown that the plaintiff had sustained any damages by reason of improvements, or money expended, or altered condition of the parties. The action here is not on the contract, but to recover

232

the value of permanent improvements to another's land caused by that other's wrongful act. The statute of frauds does not apply.

■ The defense that the subject-matter of the action had been formerly adjudicated has reference to the case of *Gregory v. Peabody,* which reached this court and is reported in 138 Wash. 591, 244 Pac. 998. In that case plaintiff sought to recover damages for a breach of an executory contract by which the defendants therein agreed to sell Donnybrook farm, that included the five acres referred to in the present case. True, in alleging damages in that case, the cost of the greenhouse was mentioned, and it is also true that there was a verdict and money judgment for the plaintiff. On appeal, however, it was held that the evidence failed to show any breach of that contract by the defendants and the judgment was reversed with direction to dismiss the action. By that reversal and dismissal of the action, the verdict and money judgment of the trial court ceased to be an adjudication on the merits of the money judgment. *Peterson v. Morris,* 119 Wash. 335, 205 Pac. 408. The former action was for the alleged breach of an admittedly valid contract to convey the whole farm. The present action grows out of the breach of an independent or separate oral agreement to let five acres of that farm for fifteen years to a corporation to be formed, the right of a recovery to be determined according to the evidence on the trial of the case.

■ Upon the whole record, we are of the opinion that there was substantial evidence to take the case to the jury. The granting of the motion for judgment notwithstanding the verdict, which involved no element of discretion, was error. *White v. Rigg,* 143 Wash. 46, 254 Pac. 459; *Eyak River Packing Co. v.*

*Huglen,* 143 Wash. 229, 255 Pac. 123, 257 Pac. 638; *Karr v. Mahaffay,* 140 Wash. 236, 248 Pac. 801.

█ Upon granting respondents' motion for judgment notwithstanding the verdict, which we hold was erroneous, the court proceeded to deny their motion for a new trial. Granting the first motion, which involved no element of discretion, avoided any necessity at that time of passing upon the other motion which does involve discretion. There was no discretion to exercise because judgment for the respondents, as a matter of law, had been ordered. The passing on the motion for a new trial at all was premature, and it should be considered by the trial judge wholly unaffected by that order. *Jackson v. Mitsui & Co.,* 132 Wash. 395, 232 Pac. 317.

Reversed and remanded with directions to the trial court to set aside the judgment and pass on the motion for a new trial.

FULLERTON, C. J., TOLMAN, PARKER, and BEALS, JJ., concur.