[No. 21849.   Department One.   July 12, 1929.]

GEORGE W. GREGORY, *Respondent*, v. ALEXANDER
PEABODY *et al., Appellants.*[1]

*Bronson, Jones & Bronson,* for appellants.
*George F. Hannan,* for respondent.

TOLMAN, J.—This case was before this court on a
former appeal, *Gregory v. Peabody,* 149 Wash. 227,
270 Pac. 825, and the facts and issues may be learned
by reference to the former opinion.

The judgment *non obstante veredicto* in favor of the
defendants was there reversed, and the cause re-
manded with instructions to pass on the motion for a
new trial.   The trial court denied the motion for a new

[1]Reported in 279 Pac. 102.

trial, and entered judgment on the verdict, from which judgment the defendants have now appealed.

Most, if not all, of the matters discussed and decided on the former appeal are elaborately reargued on this appeal. Nevertheless, the former opinion being clear and unambiguous, we consider it unnecessary to now restate or enter into any discussion of them. Clearly, however, the instructions given to the jury were not before us on the former appeal, and may now be properly reviewed if sufficient exceptions were taken thereto.

Respondent contends that the exceptions to the instructions were too general to authorize a review under Rule VI of this court (Rem. 1927 Sup., § 308-6); and this is probably true as to some of them, but a reading of the record showing the colloquy between court and counsel, which took place at the time of the taking of the exceptions and as a part thereof, makes it abundantly clear that, as to the measure of damages, the exceptions were sufficiently specific to call the court's attention to the point in issue, and the court fully understood for what rule of law the appellants were then contending. We shall therefore consider the instructions as to the measure of damages only, but that should not be accepted as evidencing our approval of all of the other instructions given.

The court gave the jury the following instructions on the measure of damages:

"That plaintiff made expenditures upon said five acres, or portions thereof, to the amount stated in the complaint, or some lesser amount, if any, which is established by the evidence, and that the improvements, if any, which plaintiff made, were retaken and retained by the said Charles E. Peabody.

"If plaintiff establishes all of the material allegations of his complaint by a fair preponderance of the evidence, then he is entitled to a verdict in such amount

of damages as you find he has sustained, not exceeding the amount claimed by the plaintiff; but if he fails to establish any material allegation, then defendants are entitled to a verdict,''
and

''If your verdict is for the plaintiff, you will assess such damages as by a preponderance of the evidence you believe him to be entitled to, and these damages shall include the reasonable value of the labor and the improvements, if any, which the plaintiff placed upon the land in question, in reliance upon the agreement, if any, of the deceased, Charles E. Peabody. In no event can your verdict exceed the sum of $4,830.80, with interest from April 3, 1924, at 6% per annum.''

As indicated on the former appeal, the theory of this action is the recovery of money and labor expended in permanent improvements and enrichment of the freehold, which the owner ought not to be permitted to take and hold without making compensation therefor. In other words, the measure of damages is not what the prospective tenant expended, but the value of what the prospective landlord received by and through the tenant's expenditures. *Ernst v. Schmidt,* 66 Wash. 452, 119 Pac. 828, Ann. Cas. 1913C 389; *Crawford v. Smith,* 127 Wash. 77, 219 Pac. 855, and cases there cited. Nor do we think interest is recoverable.

Since there must be a new trial by reason of the errors in instructing the jury, as pointed out, we may say further that, although it was held on the former appeal that there was evidence to go to the jury on the question of damages, yet in the admission of testimony the trial court followed the rule of the instructions which he gave to the jury and admitted much testimony which should have been rejected, as to expenditures which could not tend toward the enrichment of the freehold. In another trial, the evidence should be limited to the enrichment theory.

The judgment is reversed with instructions to grant a new trial.

FULLERTON, PARKER, and BEALS, JJ., concur.