[No. 22554.   Department One.   July 17, 1930.]

GEORGE W. GREGORY, *Respondent*, v. ALEXANDER PEA-
BODY *et al., Appellants.*[1]

*Bronson, Jones & Bronson,* for appellants.
*George F. Hannan,* for respondent.

PARKER, J.—In *Gregory v. Peabody* in 149 Wash.
227, 270 Pac. 825, and 153 Wash. 99, 279 Pac. 102, may
be found our decisions disposing of two former ap-
peals of this case.   The judgment here in question was
rendered by the superior court awarding.to the plain-
tiff recovery upon a verdict of a jury following a new
trial.   The defendants have appealed to this court

[1]Reported in 290 Pac. 232.

from that judgment, claiming trial errors preventing their having a fair trial.

This somewhat involved controversy has a history which would make a story unnecessary to here relate at any length. It is enough to say, preliminary to our present inquiry, that this action is a seeking by the plaintiff of recovery for money and labor expended by him in constructing permanent improvements upon, and thereby enriching, land of Charles E. Peabody, deceased, during his lifetime, in pursuance of an agreement between them looking to the leasing of the land for a long term to a corporation to be formed by the plaintiff and others; the plaintiff claiming that Peabody has refused to execute the lease, and also that Peabody has appropriated the improvements to his own use as a part of the land.

It is contended in behalf of the defendants that the trial court erred to their prejudice in permitting, over their counsel's objection, the plaintiff to testify upon the trial, in violation of our statutory rule, that,

". . . in an action or proceeding where the adverse party sues or defends as executor, administrator, or legal representative of any deceased person, . . . then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased . . . person, . . ." Rem. Comp. Stat., § 1211.

The testimony of the plaintiff so complained of was with reference to the making of the expenditures by him incident to his construction of the improvements in question, as follows:

"Q. In making all of your expenditures, what, if anything, did you rely upon in making them? A. I relied upon a lease— Q. Just a minute. I will ask the question in a different form. Did you or didn't you rely upon statements which were made to you by Charles E. Peabody? A. I did."

There may be room for arguing that this testimony, standing alone, would constitute a technical violation of the rule invoked. However that may be, we think it plain from the record that its prejudicial effect was waived by counsel for the defendants in their somewhat extended cross-examination of the plaintiff touching transactions and statements to which this testimony of the plaintiff may have inferentially referred. Such cross-examination by counsel for the defendants brought out much more directly and clearly such transactions and statements. It seems plain from the record that this direct examination testimony of the plaintiff was for the sole purpose of showing that the plaintiff relied upon some statements made by the deceased as an inducement for the making of the improvements, and not for the purpose of showing what those statements were. Manifestly, the testimony did not show what those statements were. Other evidence was introduced for that purpose.

The following of our decisions support our present expressed view on the subject of waiver, by cross-examination, of the prejudicial effect of any violation of the rule by the admission of this testimony: *Robertson v. O'Neill,* 67 Wash. 121, 120 Pac. 884; *Johnson v. Clark,* 120 Wash. 25, 206 Pac. 914; *Floe v. Anderson,* 124 Wash. 438, 214 Pac. 827. We conclude that this claim of error does not call for reversal of the judgment.

It is contended in behalf of defendants that there was error, to their prejudice, in receiving evidence, over their counsel's objection, to show the construction cost and value of the improvements in question. It is argued that this was prejudicial error because of the rule stated in our decision in 153 Wash. 99 that:

". . . the measure of damages is not what the prospective tenant expended, but the value of what the prospective landlord received by and through the tenant's expenditures."

This was but one item of proof tending to show to what extent the land was enriched by the improvements. Its effect was limited by the court's instruction, as follows:

"This evidence was admitted, not as constituting the measure of recovery or damages by plaintiff, if recovery or damage is allowed plaintiff, but only as one of the elements to be considered by the jury in determining how much the value of the land was increased or enhanced by the construction of said greenhouse, if you find as a fact that the value of the land was thereby increased or enhanced."

We conclude that this claim of error does not call for reversal of the judgment.

Some other claims of error are made in behalf of the defendants. Some of them are, in effect, disposed of adverse to their contentions here made by our decisions disposing of the former appeals. Others, we think, are not of sufficient merit to call for further discussion. We conclude that the judgment must be affirmed. It is so ordered.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.