[No. 26689. Department One. September 14, 1937.]

JOEL LAGER et al., Respondents, v. EMMA C. BERGGREN, as Administratrix, Appellant.[1]

*Ward C. Kumm*, for appellant.

*Trumbull, Severyns & Trumbull* and *W. J. Daly*, for respondents.

MAIN, J.—This is the second appeal in this action. The facts are fully stated in the opinion upon the former appeal (*Lager v. Berggren*, 187 Wash. 462, 60 P. (2d) 99), and will only be summarized here in so far as it appears necessary to an understanding of the question now presented.

Upon this appeal, there has not been certified any statement of facts or bill of exceptions. The case, of necessity, turns upon the facts found by the trial court.

[1]Reported in 71 P. (2d) 377.

If these do not sustain the judgment, then a reversal must necessarily follow.

Edward Berggren died December 15, 1934, intestate. Thereafter, Emma C. Berggren was duly and regularly appointed as the administratrix of the estate of the deceased, and duly qualified as such.

The deceased, subsequent to August, 1926, was the owner of a forty-acre tract of land in Jefferson county. June 3, 1935, the plaintiff in this action, Joel Lager, presented a claim against the estate of Edward Berggren, deceased, in which demand was made that the executrix convey the property owned by the deceased to the claimant, which claim was based upon an alleged oral agreement between the plaintiffs and the deceased during his lifetime. In the claim, there was an alternative demand that, if the property was not conveyed, an action would be begun against the administratrix to cover judgment for damages by reason of the failure to convey. On the same day, the plaintiff Joel Lager presented another claim for what was alleged to be the balance due for board, lodging, and care furnished the deceased by the plaintiffs from July, 1926, to October, 1934, during which time the plaintiffs had resided upon the property above mentioned and the deceased had boarded with them.

Both of these claims were rejected by the administratrix, and separate suits were instituted, one upon the demand for specific performance and the other upon the claim for board. They were consolidated for trial, but separate judgments were entered. In the latter claim, or the claim for board, the action was dismissed, and the plaintiffs appealed. While the action was pending on appeal, they moved to dismiss the appeal, which was done. That resulted in leaving the judgment of dismissal on the claim for board affirmed. It has at no time been set aside or disturbed.

In the action based upon the claim for specific performance, or, in the alternative, for damages, the trial court entered a judgment awarding specific performance. From this judgment, the administratrix appealed. Upon the appeal, the judgment was reversed

" . . . and the cause remanded with instructions to the trial court to consider the record in the case and any further evidence which may properly be produced by either party, and upon the record as finally completed enter such a judgment as shall appear to be just and consistent with the law applicable thereto."

That direction was carried into the remittitur when the case went back to the superior court.

As recited in the findings, after a hearing there, the plaintiffs offered evidence as to the enhanced value of the property by reason of improvements that they had placed thereon. The administratrix offered evidence as to the value of the use and occupancy of the property and upon the question of the enhancement in the value of the property because of the claimed improvements. As a result, the court entered a judgment against the administratrix in the sum of $961, less two or three small items which are not now material. From this judgment, the defendant, as administratrix, appealed.

In arriving at the amount of the judgment, the trial court found that the respondents had paid to the decedent $755 upon the purchase price, and that the improvements had enhanced the market value of the property in the sum of $750. It was also found that the respondents had furnished board to the decedent of the total value of $2,605. The court further found that the reasonable rental value of the property from July 21, 1927, to March 1, 1937, was $3,045. The court arrived at the amount of the judgment by adding together the $755 item, the $750, and the $2,605 item for

board, and deducted from these certain small items which will not be specifically referred to, and then offset the balance, after deducting these small items, against the $3,045 rental value which worked out the balance arrived at.

■ The item for board had no place in this case. The action which was brought upon the claim for board had been dismissed, and the judgment, as already pointed out, has never been disturbed.

The trial court, apparently, misinterpreted the meaning of the remittitur from this court, because in the findings it is recited:

"That the Remittitur of the Supreme Court directs this court to award plaintiffs a judgment for the board furnished said deceased by the plaintiffs, plus the moneys paid deceased by plaintiffs, plus the enhancement in the value of said real estate caused by the improvements plaintiffs have made thereon, less any offsets defendant may have against said recovery."

The direction above quoted, which was contained in the opinion and followed in the remittitur, as we view it, is not subject to an interpretation that this court directed the trial court to award judgment for the board furnished or for any other sum. That direction does nothing more than remand the case to the trial court to consider the record in the case (that meant, of course, the record on the specific performance claim), and any further evidence which may properly be produced by either party, and upon the record, as finally completed, enter "such a judgment as shall appear to be just and consistent with the law applicable thereto." In other words, the court was directed to reconsider the case, take additional evidence, if offered, and then exercise its judgment in a way that was consistent with the facts and the law.

The respondents were entitled to credit for the money that they had paid upon the alleged oral con-

tract and the enhanced value of the property by reason of the improvements, from which should be deducted two or three small items set out in Finding VIII, and the balance would be what the respondents were entitled to as against the appellant. On the other hand, the appellant was entitled to the reasonable rental value of the property, which was fixed at $3,045. *Ernst v. Schmidt,* 66 Wash. 452, 119 Pac. 828, Ann. Cas. 1913C, 389; *Crawford v. Smith,* 127 Wash. 77, 219 Pac. 855; *Gregory v. Peabody,* 153 Wash. 99, 279 Pac. 102. It thus appears that the appellant was entitled to a larger credit against the respondents than they were against her, and she is entitled to judgment for the difference between these two amounts.

We have not overlooked the rule that the judgment was entitled to every necessary presumption to sustain it, in the absence of an affirmative showing in the findings that the necessary facts to sustain it did not exist. In this case, the findings affirmatively show that the respondents were not entitled to bring into the action the item of board.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.