[No. 28312. Department One. August 18, 1941.]

O. O. HARDGROVE, *Respondent,* v. C. C. BOWMAN, *Appellant.*[1]

[1]Reported in 116 P. (2d) 336.

*Ralph Smythe* and *Vanderveer, Bassett & Geisness,* for appellant.

*D. E. Harper, J. W. Lindsay,* and *Graham, Howe & Dunn,* for respondent.

BLAKE, J.—This litigation is an aftermath of our decision in *Bowman v. Hardgrove,* 200 Wash. 78, 93 P. (2d) 303. By reference to the opinion in that case, it will be recalled that we held a ten-year lease, executed by Bowman, as lessor, to Hardgrove, as lessee, invalid because it was not executed by Mrs. Bowman. Hardgrove had been in possession of the property for about a year before he was dispossessed under the judgment in that action. Subsequently, Mrs. Bowman died, and, in the administration of her estate, the property was set over to Bowman in lieu of homestead. Hardgrove then brought this action to recover the amount of the enhanced value of the land resulting from labor and improvements he had put upon it during his occupancy.

The action is brought upon the doctrine of unjust enrichment, which is recognized and applied in a number of our decisions. *Ernst v. Schmidt,* 66 Wash. 452, 119 Pac. 828, Ann. Cas. 1913C, 389; *Gregory v. Peabody,* 149 Wash. 227, 270 Pac. 825. The underlying theory of the doctrine is that, where one expends money and labor in the improvement of the property of another upon the faith of an unenforcible contract, he is, upon repudiation of the agreement by the owner, entitled to be reimbursed for improvements enhancing the value of the property. *Pitt v. Moore,* 99 N. C. 85,

138

5 S. E. 389, 6 Am. St. 489. The measure of damages is the amount the property has been enhanced in value by such labor and improvements, less any damages suffered by the owner during the occupancy of the putative vendee or tenant. *Crawford v. Smith,* 127 Wash. 77, 219 Pac. 855; *Gregory v. Peabody,* 153 Wash. 99, 279 Pac. 102. Applying such measure of damages, the trial court concluded that plaintiff was entitled to recover twenty-five hundred dollars, and entered judgment accordingly. Defendant appeals.

The only error assigned is because of the refusal of the court to admit or consider evidence offered by appellant of damages which he claimed to have sustained because of alleged *breaches* of the lease by respondent. In other words, he now seeks to recover for breaches of a lease which this court, at his own instance, held invalid and unenforcible. His position here is utterly inconsistent with the one he took in the former case.

A litigant will not be heard to say in one breath that a contract is of no force or effect, and in the next assert a right to recover upon it. He may not defeat his adversary's cause on the theory that the contract is invalid and, in the same or a subsequent action, claim any rights under it. The agreement cannot be treated as a nullity for one purpose and as a binding contract for another. *Williams v. Bemis,* 108 Mass. 91, 11 Am. St. 318; *King v. Welcome,* 5 Gray's (71 Mass.) 41; *McQueen v. Gamble,* 33 Mich. 344; *Hassberger v. General Builders' Supply Co.,* 213 Mich. 489, 182 N. W. 27; *Behrens v. Kruse,* 121 Minn. 90, 140 N. W. 339. Our own case of *White v. Chellew,* 108 Wash. 526, 185 Pac. 619, applies the principle laid down in the cited cases.

The trial court quite properly refused to admit and consider evidence of any damages arising from respondent's breaches of the lease as such. It did admit

and consider evidence of physical damage to the land, alleged to have been occasioned by respondent during his occupancy. While some of the evidence so admitted incidentally tended to establish breaches of the purported lease, it was not admitted or considered for that purpose. Nor was appellant entitled to have it considered for such purpose.

Judgment affirmed.

MILLARD, MAIN, STEINERT, and DRIVER, JJ., concur.

[1]Reported in 116 P. (2d) 338.