[No. 2563-3.   Division Three.   April 10, 1979.]

SHANNON SMITH, ET AL, *Respondents,* v. JOSEPH
E. FAVILLA, ET AL, *Appellants.*

60

*Hovis, Cockrill & Roy* and *Ted Roy* for appellants.

*Felthous, Peters, Schmalz & Leadon* and *Douglas D. Peters,* for respondents.

ROE, J.—Plaintiffs desired to raise pigs on defendants' farm land. Under the terms of an oral agreement, plaintiffs spent approximately $15,700 in constructing a pig barn on defendants' property. Two written leases were prepared, neither of which was executed because of disputes over the amount of nominal rent to be reserved and whether there should be an increase for taxes which might be due because of the construction of the barn and some other minor matters. Both leases provided for a 5–year term and an option to renew for 5 years. At the termination of the tenancy, the improvements were to become the property of the defendant landowner. All parties treated the beginning of the tenancy as June 1, 1973, the 5–year term to end on May 31, 1978. In the summer of 1973, after the barn was built, plaintiffs Smith and Egan, and one Patrick Favilla, son of the defendants, engaged in a confined pig operation on the premises. That operation terminated in December of 1974 or early January of 1975, a commercial failure.

Thereafter, defendant, being desirous of selling the farm, but aware of the possible encumbrances arising from the pig farm tenancy, unsuccessfully sought to get a firm written lease from the plaintiffs. His attorney testified he sent a letter to plaintiffs in effect to forfeit their rights. Receipt was not shown or admitted. There was an absence of proof that the letter sent by the attorney to plaintiffs was received. Although a letter, properly addressed, postage prepaid, and sent in the normal course of business, is presumed to have reached the addressee, *Lieb v. Webster,* 30 Wn.2d 43, 190 P.2d 701 (1948); *Kubey v. Travelers' Protective Ass'n of America,* 109 Wash. 453, 187 P. 335 (1920), there is no proof here that the letter was properly addressed, properly stamped, or placed in proper postage channels. Therefore, there can be no presumption that it

was received and hence did not result in a forfeiture of plaintiffs' rights in the tenancy.

■ Defendants contend that plaintiffs abandoned the premises. On disputed evidence, the trial court found that they had not. There was substantial evidence to support the court and this finding must be upheld.

■ We note at the outset, "Abandonment . . . involves an absolute relinquishment of premises by a tenant, and consists of act or omission and an intent to abandon." *Tuschoff v. Westover,* 65 Wn.2d 69, 73, 395 P.2d 630 (1964). "Abandonment must be proved by clear, unequivocal and decisive evidence." *Shew v. Coon Bay Loafers, Inc.,* 76 Wn.2d 40, 50, 455 P.2d 359 (1969).

Plaintiffs left their personal property in the pig barn but never indicated to anyone that they had abandoned the premises. They knew that Mr. Favilla was attempting to sell the land but announced they had him "between a rock and a hard place." This would be contrary to an intent to abandon. The fact that they may have claimed a total loss in their income tax returns does not constitute an abandonment.

■ Defendants next contend that the trial court erred in awarding plaintiffs $8,000 damages on the theory of unjust enrichment. This is the amount which the defendants attributed to the pig barn in a sale to a third–party purchaser. This is not necessarily the measure of damages. Defendants rely on *Woodward v. Blanchett,* 36 Wn.2d 27, 216 P.2d 228 (1950), where a farm tenant was removed, and the court held if special damages are not pleaded or proven, then the damages allowed for wrongful termination of tenancy are the difference in market rental value of the land for the unexpired term and the rent reserved. That was not a case where the tenant had erected improvements on the property. In this case the tenants were permitted to enter the property and build a building under an unenforceable oral agreement. Plaintiffs had possession for approximately 2 years of the term; the venture having failed, the plaintiff tenants abandoned the business but not the premises or

their interest. Possession was then denied to them by virtue of a sale to a bona fide purchaser.

In *Gregory v. Peabody*, 149 Wash. 227, 270 P. 825 (1928), plaintiffs entered the land of another and erected a greenhouse relying on a 15–year lease to be executed. It was not. Then the plaintiffs had to give up the enterprise. The court noted that the action by the plaintiffs was not one seeking to enforce the oral contract but to recover the value of the labor which they had performed to the benefit of the defendant. In allowing recovery, quoting *Ernst v. Schmidt*, 66 Wash. 452, 119 P. 828 (1912) (wherein the plaintiff was allowed to recover the value of the improvements placed on land on the existence of an oral contract of the owner to convey, the contract having been breached as the improvements were made), the court permitted recovery upon a theory stating the ancient rule,

> that where the labor or money of a person has been expended in the permanent improvement and enrichment of the property of another by parol contract or agreement which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed to take and hold the property thus improved and enriched, 'without compensation for the additional value which these improvements have conferred upon the property,' and it rests upon the broad principle that it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act."

*Gregory v. Peabody, supra* at 231. This principle was impliedly recognized in *Miller v. McCamish*, 78 Wn.2d 821, 479 P.2d 919 (1971), where a tenant farmer had made certain improvements upon the farm, developed it and put under irrigation an additional amount of land under an unenforceable contract to purchase the property. The Supreme Court recognized that a contract, within the statute of frauds but exempted therefrom by part performance, may serve as a basis for an action at law for money damages.

[W]here specific performance is not available, this court has held that, upon an owner's breach of an oral contract to convey lands to another then residing thereon, the owner of the lands is liable for the value of improvements placed thereon by such other person, over and above the value of the rents and profits while occupied.

*Miller v. McCamish, supra* at 826. The court thus reinstated a verdict of the trial court allowing recovery of the increased value of the farm.

To the same effect is *Hardgrove v. Bowman,* 10 Wn.2d 136, 116 P.2d 336 (1941), an action brought by a tenant to recover the amount of the enhanced value of the land resulting from labor and improvements he had put upon it during his occupancy. The court stated at page 138, citing *Gregory v. Peabody, supra:*

The measure of damages is the amount the property has been enhanced in value by such labor and improvements, less any damages suffered by the owner during the occupancy of the putative vendee or tenant.

The trial court found that the value of the land was enhanced by $8,000, and we agree. The barn cost over $15,000 to construct and it was used for only 3 years. In the contract by which defendant sold the property, he attributed $8,000 of the sale price to the pig barn. That figure therefore represents the amount by which the defendant benefited by the improvement. Any downward adjustment of that amount would only serve to unjustly enrich defendant.

Judgment is affirmed.

MUNSON and MCINTURFF, JJ., concur.

Reconsideration denied May 30, 1979.

Review denied by Supreme Court September 7, 1979.