[No. 20286.   Department Two.   March 28, 1927.]

J. H. WHITE, *Appellant*, v. J. R. RIGG *et al.*,
*Respondents.*[1]

[1] JUDGMENT ·(54)—NOTWITHSTANDING VERDICT.   Where the testi-
mony is conflicting upon all points in dispute the court has no
power to grant judgment notwithstanding the verdict.

[2] BROKERS (32)—ACTION FOR COMPENSATION—EVIDENCE—ADMIS-
SIBILITY.   Where the issues were as to whether a broker was the
procuring cause of a sale or whether the deal had fallen
through, it is competent to prove that the intending purchaser
had sought to buy another place and put up earnest money,
and had again later taken up the purchase after the agent's
authority had ended.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered June 1, 1926,
upon the verdict of a jury in favor of the defendants,
in an action on contract.   Affirmed.

*Frank J. Allen,* for appellant.

*Harcourt M. Taylor,* for respondents.

ASKREN, J.—In February, 1925, the defendants listed
their ranch for sale with the plaintiff, a real estate
broker.   The contract is in the usual form and runs
for a period of "30 days from date hereof and there-
after until withdrawn by ten day's written notice."

In May, plaintiff brought to inspect the place one
Beckman, recently from another state, with the expec-
tation of selling the property to him.   Little was said
at the time regarding the property, as Beckman was
apparently "just looking around."   The same week
the plaintiff returned to the ranch and notified·the de-
fendants that he expected to be able to sell to Beckman.
In June, nothing further having been done, the defend-

¹Reported in 254 Pac. 459.

ants wrote the plaintiff a letter inquiring what results
had been obtained, and notifying him that unless a sale
was made within ten days the contract would be can-
celled.

Beckman in the meantime inspected a number of
properties and found one that suited him and placed
his deposit money for it with the listing agent. The
deal fell through because the owner refused to sign up.
Thereafter Beckman, through some friends, again took
up the question of purchasing the defendants' place,
and finally, on September 4, agreed to purchase it, and
consummated the deal on October 4. Thereupon the
plaintiff sued the defendants for a commission of five
hundred dollars, claiming that he had secured the pur-
chaser, Beckman. The cause came on for trial before
a jury, and a verdict was rendered in behalf of the
defendants, and judgment entered thereon. This ap-
peal followed.

[1] It is first urged that judgment should have been
rendered in favor of plaintiff notwithstanding the
verdict. This claim of error is predicated upon the
assumption that the evidence established without con-
tradiction that the agent was the procuring cause and
that there was an attempt to cancel the contract while
negotiations were pending.

But it was a question for the jury as to whether the
appellant was the procuring cause, and likewise
whether there were any negotiations pending at the
time notice of cancellation was given. The testimony
was diametrically opposed upon these points, and the
rule that the court can grant judgment notwithstand-
ing the verdict only in those cases where there is
neither evidence nor reasonable inference from the
evidence to justify the verdict is, of course, too well
settled to permit of any doubt.

Several instructions are complained of, but we find no ground for claim of error in any of them. Standing alone, some of them may not have covered every point in issue, but taken together as instructions must be, they are clear and correctly interpret the law applicable to the issues made under the pleadings and the evidence.

[2] It is also claimed that the court erred in permitting Beckman to testify that, after he had given up the question of buying the ranch in question, he and another man tried to buy a different place and deposited earnest money thereon. This evidence was admitted to show that the purchaser had abandoned any idea of buying respondents' place. Appellant urges that proof of abandonment by the purchaser is insufficient to affect the appellant's claim, as the appellant never abandoned the attempt to make the sale. The question of whether the appellant did abandon any attempt to make the sale was a question for the jury, and the proof of abandonment of the purchase by Beckman was material upon the question of whether appellant had produced, as he claimed in the complaint, "a purchaser able, ready and willing to buy," or whether the negotiations had fallen through, and then again later taken up through the instrumentality of other persons, and not through appellant.

Many of the authorities cited by appellant lay down certain rules applying in cases of this character, but, as we view the testimony, it is only by assuming the very facts in favor of appellant which the jury has found against him that the law stated therein becomes applicable.

We find no error in the record, and the judgment is affirmed.

MACKINTOSH, C. J., PARKER, TOLMAN, and FRENCH, JJ., concur.