[No. 35749.   Department Two.   December 21, 1961.]

SHERMANS FOOD STORES, INC., No. 2, *Respondent*, v.
CAMPBELL FOOD MARKETS, INC., *Appellant*.*

*Leavy & Taber*, by *James Leavy*, for appellant.

*Horton & Wilkins*, by *Hugh B. Horton*, for respondent.

*Reported in 367 P. (2d) 141.

MALLERY, J.—Respondent, Shermans Food Stores, Inc., No. 2, listed for sale with the real-estate firm of Sherwood & Roberts-Pasco, Inc., a grocery store business and certain real estate. Norman Douglass, an employee of the real-estate firm, acting as an agent of respondent, contacted appellant, Campbell Food Markets, Inc., for the purpose of selling the grocery store business and the real estate.

On November 6, 1959, K. T. Campbell, president of appellant, and Douglass entered into a written agreement for the sale of the grocery store business. This agreement was not prepared by an attorney and was done on a real-estate form, although the sale was of personal property. However, the agreement contained all of the necessary elements of a contract.

All of the terms in the agreement were definite and certain, except the price of the inventory. The agreement provided that the inventory price would be established at the time of closing by negotiation between purchaser and seller. Sometime on or before December 21, 1961, Glen W. Sherman, president of respondent, and Campbell agreed over the telephone that the inventory price would be retail, as determined by an inventory on the date of closing, less 17 per cent discount.

The agreement contained a condition precedent. It was expressed in the following words: " . . . This offer is contingent on the real property being purchased and developed by a person or persons unknown at this time, . . . "

On December 21, 1959, Sherman, acting for respondent, and Campbell, acting for appellant, entered into a written agreement for the sale of the land on which the grocery store business was located. The real estate covered by this agreement included the building and the land on which the business was located, but did not include all of the plot owned by respondent or covered by the original listing agreement.

When the time came for performance, appellant refused to perform either agreement. Respondent brought an action for specific performance of the two contracts and for dam-

ages for their breach. The trial court dismissed the second count for damages and ordered appellant to specifically perform the two agreements as modified by the oral inventory price agreement. Appellant appeals from this judgment and decree, except the part dismissing the second count.

Appellant makes eleven assignments of error. All but the eleventh relate to the trial court's findings of fact. There is evidence in the record to support all of the court's findings. We will not review findings of fact by a superior court as long as there is evidence to support them.

Appellant's assignment of error No. 11 states that the trial court erred in entering its conclusion of law No. 1, which reads:

"That plaintiff be and hereby is granted a decree requiring the defendant to specifically perform the contracts of November 6, 1959 and December 21, 1959."

This raised the two legal issues in the case, namely: (1) Was the contingency in the November 6th contract ever met or dispensed with, and (2) were the contracts sufficiently definite and certain to be specifically enforceable.

Appellant correctly contends that the November 6th contract contains a contingency, a condition precedent to its duty to perform. Prior to the formation of this contract, there was a discussion between Douglass, agent for respondent, and appellant concerning the development as a shopping center of the realty listed by respondent. At the time of the formation of the November 6th contract, appellant was interested in buying only the grocery store business, not the realty. Further, it was interested in buying the business only if someone else would buy the realty and develop a shopping center.

It is true that the contingency never occurred as originally intended. No one could be found to buy the realty and develop the shopping center. However, sometime prior to December 21, 1959, appellant decided to buy that part of the listed realty on which the grocery store business was located. On December 21, 1959, appellant and respondent entered into the contract referred to above for the sale of

the realty. This contract specifically referred to the November 6th contract for the sale of the grocery store business. The words used were: " . . . Seller also agrees to extend Earnest money agreement on sale of the business to run concurrent with this agreement." At this time, neither party intended that the contingency expressed in the November 6th contract was still a condition precedent to either party's duty to perform. After December 21, 1959, no person or persons other than appellant had the right to purchase and develop the realty on which the grocery store business was located.

■ It is necessary to construe the two written contracts and the oral agreement regarding the inventory price together, since they all relate to the same subject matter, and the latter written contract specifically refers to the earlier one. Construing them together, it is apparent that both parties intended that appellant was to purchase the land, the market building, and the entire business including the equipment and the inventory. The contingency expressed in the November 6th contract was either met by appellant's agreeing to purchase the land or it was removed from the contract by agreement between the parties.

■■ Are the contracts sufficiently definite and certain to be specifically enforceable? All of the necessary terms of the contracts are set out with certainty, with the exception of the price of the inventory. This was to be determined by negotiation. A court of equity should not decree specific performance of a contract which does not fix the price or consideration clearly, definitely, certainly, and unambiguously, or provide a way by which it can be fixed with certainty. *Lager v. Berggren*, 187 Wash. 462, 60 P. (2d) 99. In this case, however, the parties did provide a way by which the inventory price could be fixed with certainty. They agreed over the telephone that the inventory price would be retail at date of closing less 17 per cent. There is no way the parties could have made the inventory price more certain in advance of closing, since the market was in continuous operation.

Construed together, the two written agreements and the oral agreement comprise one contract, which is sufficiently definite and certain in all of its terms to be specifically enforceable.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.