66 P.3d 1119 (2003)
Prince I. JENKINS, Respondent,
v.
Debra PALMER, a single woman, Appellant.
No. 26379-3-II.
Court of Appeals of Washington, Division 2.
April 23, 2003.
Diane Frances Russell, Beattie Russell Inc. PS, Silverdale, WA, for Appellant.
William Michael Hanbey, Attorney at Law, Olympia, WA, for Respondent.
*1120 SEINFELD, J.
Debra Palmer appeals the dismissal of her counterclaim against Prince I. Jenkins in which she alleged that Jenkins violated the Washington Law Against Discrimination, RCW 49.60 (WLAD). The trial court ruled that the WLAD does not apply to the situation where a co worker, acting on his own behalf, harasses, threatens, or makes sexual advances toward another worker. We agree that the WLAD, even when liberally construed to effectuate its broad purposes, does not cover this situation. Thus, we affirm.

FACTS
Palmer and Jenkins were co-workers at the Washington Corrections Center (WCC) in Shelton, Washington. Jenkins sued Palmer to recover funds he gave her as part of an investment agreement. Palmer then filed a counterclaim in which she alleged sexual harassment and discrimination.
Palmer claimed that Jenkins filed his lawsuit in retaliation for her report of his sexually discriminatory behaviors, which she alleged led to the loss of his job. She described the behaviors as (1) harassing her by calling her on the phone; (2) making sexual advances toward her; (3) telling other co-workers to stay away from her because she was his property; (4) telling her that associating with other co-workers would make her "nothing but a slut," and that women should be slapped around and have sense knocked into them; (5) threatening to kill her with the rifle he kept in his guard tower; (6) threatening to flatten her car tires; (7) mentioning that he carried a gun in his car and that he was not afraid to use it on her; (8) phoning her in her guard tower after she told him that she wanted him to leave her alone; (9) approaching her in the WCC's smoking gazebo, and threatening a co-worker who refused to leave; and (10) calling her house and hanging up. Clerk's Papers (CP) at 42. Palmer alleged that Jenkins's behavior affected her ability to do her job and that she feared for her safety and suffered great emotional distress.
Jenkins moved for partial summary judgment on Palmer's counterclaim, supporting his motion with his affidavit in which he denied Palmer's allegations and asserted that he was Palmer's co-worker, with no supervisory or managerial control over her. He argued that the WLAD did not cover this situation.
The trial court dismissed Palmer's counterclaim, characterizing its order as a final judgment under CR 54(b) to allow Palmer to file an immediate appeal. On appeal, Palmer argues, as she did below, that (1) a co-worker may be held personally liable for violating the WLAD, and (2) Jenkins's actions also violated public policy against sexual discrimination and retaliation.

DISCUSSION

A. Washington Law Against Discrimination
Palmer does not point to a particular section of the WLAD that Jenkins allegedly violated. Below she generally alleged that Jenkins committed "sexual discrimination and sexual harassment in violation of RCW 49.60.030." CP at 24. On appeal, she suggests that he violated RCW 49.60.180, RCW 49.60.210, and RCW 49.60.220; she does not mention RCW 49.60.030.
RCW 49.60.180(3) states that it is an unfair practice for an employer:
To discriminate against any person in compensation or in other terms or conditions of employment because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person[.]
RCW 49.60.040(3) defines "employer" to include "any person acting in the interest of an employer, directly or indirectly, who employs eight or more persons[.]" (emphasis added).
Palmer does not assert that Jenkins was her "employer" or that he was acting in the interest of WCC in any way when he allegedly sexually harassed or discriminated against her. Nor does she allege that Jenkins supervised or managed her, or had the ability to influence her employment. And the actions *1121 she alleges Jenkins committed did not affect her compensation or other similar terms or conditions of her employment.
Instead, Palmer contends that under Brown v. Scott Paper Worldwide Co., 143 Wash.2d 349, 20 P.3d 921 (2001),[1] co-workers may be personally liable even when not acting in a supervisory capacity. But Brown does not support Palmer's claim.
The Brown court held that managers and supervisors may be personally liable under the WLAD when acting in their employer's interest. 143 Wash.2d at 358, 20 P.3d 921. Although the Brown court recognized that RCW 49.60.020 mandates a liberal construction of the WLAD, its holding is based on the express text of RCW 49.60.040(3), specifically the broad definition of "employer" as including any `"person acting in the interest of an employer."' 143 Wash.2d at 357-58, 20 P.3d 921 (quoting RCW 49.60.040(3) (emphasis added)). Because Palmer does not contend that Jenkins was acting in the interest of WCC or that his conduct was anything other than personal, she has not shown Jenkins's liability under the statute.
Nor does RCW 49.60.220 support Palmer's claim. It provides that:
It is an unfair practice for any person to aid, abet, encourage, or incite the commission of any unfair practice, or to attempt to obstruct or prevent any other person from complying with the provisions of this chapter or any order issued thereunder.
RCW 49.60.220, although broad, focuses on conduct that encourages others to violate the WLAD. The references to "aid, abet, encourage, or incite" and to "prevent any other person from complying" show that the statute applies only where the actor is attempting to or has involved a third person in conduct that would violate the WLAD. RCW 49.60.220.
Even a liberal interpretation must have a basis in the text. We see no basis to read RCW 49.60.220 as covering acts of harassment committed by a co-worker acting alone. Thus, a plaintiff who has suffered such reprehensible attacks must rely on other legal theories to obtain relief.
Finally, RCW 49.60.210 does not support Palmer's claim. It provides:
(1) It is an unfair practice for any employer, employment agency, labor union, or other person to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified or assisted in any proceeding....
Although we applied this statute in Galbraith v. TAPCO Credit Union, 88 Wash. App. 939, 946 P.2d 1242 (1997), to a non-employer, the specific facts there fit within the statutory language. The defendant in Galbraith was a credit union that had terminated the plaintiff's membership because the plaintiff had supported the credit union's employees in their legal action against the credit union for a WLAD violation. We held that the credit union fit the definition of an "other person" who had discriminated against Galbraith, and Galbraith fit the definition of "any person," because of his opposition to discriminatory practices prohibited by the WLAD. Galbraith, 88 Wash.App. at 948-51, 946 P.2d 1242.
At oral argument here, appellate counsel argued for the first time for application of RCW 49.60.210, contending that Jenkins discriminated against Palmer by filing this lawsuit in retaliation for Palmer's report of Jenkins's harassing conduct to their employer. But Palmer has not argued this theory in her brief or provided any support for treating the filing of a non-frivolous lawsuit for monies owing as an act of discrimination under the WLAD. Thus, we do not address this contention. RAP 2.5.
*1122 In sum, Palmer has failed to show that the WLAD covers the circumstances here.

B. Common Law Claims
Palmer also argues that Jenkins violated public policy against sexual discrimination and retaliation. She suggests that Jenkins committed the common law tort of retaliation and wrongful discharge in violation of public policy. But she fails to explain how these causes of action apply to Jenkins's conduct.
Citing Bennett v. Hardy, 113 Wash.2d 912, 784 P.2d 1258 (1990), Palmer claims that Jenkins's conduct violated the public policy against retaliation. In Bennett, the employer did not employ more than eight people, a requirement for coverage under the WLAD. 113 Wash.2d at 915, 784 P.2d 1258. Seeking a remedy for a clear violation of public policy, the Bennett court found an implied cause of action under RCW 49.44.090 against an employer who discriminated on the basis of age discrimination. 113 Wash.2d at 921, 784 P.2d 1258.
Unlike Bennett, Palmer has not shown that Jenkins's conduct violated a specific statutory prohibition. Thus, we find no basis to create a new common law cause of action in this case.
Finally, a plaintiff who is dismissed for engaging in conduct protected by public policy may bring a claim against her employer for wrongful discharge in violation of public policy. Gardner v. Loomis Armored, Inc., 128 Wash.2d 931, 941, 913 P.2d 377, 382 (1996). But Palmer has not alleged that WCC terminated her or that Jenkins was her employer. Thus, this theory does not apply.
Affirmed.
We concur: HOUGHTON, J., and QUINN-BRINTNALL, A.C.J.
NOTES
[1] The Brown court consolidated two separate appeals for review, Brown v. Scott Paper Worldwide Co., 98 Wash.App. 349, 989 P.2d 1187 (1999), and Raymond v. Pac. Chem., 98 Wash. App. 739, 992 P.2d 517 (1999). The two cases involved different fact patterns, but the Supreme Court focused on the common issue of "whether a supervisor who discriminates against an employee can be held individually liable under" the WLAD. Brown, 143 Wash.2d at 353, 20 P.3d 921. It held that "supervisors, along with their employers, may be held liable for their discriminatory acts." Brown, 143 Wash.2d at 361, 20 P.3d 921.