[No. 23954-3-III. Division Three. May 30, 2006.]

JILL R. WISE, *Respondent*, v. THE CITY OF CHELAN, *Appellant*.

*Allan Galbraith* (of *Davis, Arneil Law Firm*), for appellant.

*Thomas E. Janisch* (of *Johnson, Gaukroger, Drewelow, Wollett, P.S.*), for respondent.

¶1 SWEENEY, C.J. — This is a suit against the city of Chelan (City) by its former municipal court judge for compensation owed on the contract for her four-year term of office. The City eliminated its municipal court halfway through that four-year term. The trial judge awarded Ms. Wise the unpaid compensation due on her contract but

denied her claim for attorney fees. We agree that she is entitled to be paid for the unexpired term of her appointment. And we conclude that her claim is "salary" for purposes of Washington labor law. She is, therefore, entitled to her attorney fees.

## FACTS

¶2 The City contracted with lawyer Jill R. Wise to serve as its municipal judge for a four-year term from January 1, 2002 to December 31, 2005. The city council authorized the mayor to execute a service agreement.

¶3 Ms. Wise and the City signed the contract for this four-year term in December 2001. They agreed on compensation of $2,750 per month for 15 to 20 hours of service per week. The contract states that Ms. Wise is not an employee of the City; she is an independent contractor who will pay her own taxes and receive no employee benefits such as sick leave, vacation, overtime, or compensatory time. The agreement provided that the City could not terminate the agreement except for official misconduct or physical or mental incapacity. Ms. Wise could terminate for any reason on 60 days' notice. And the terms of the contract could not be varied except by written agreement.

¶4 The city council passed an ordinance eliminating the municipal court department two years later, in 2004. The council revised the city budget to eliminate funding for the municipal judge beginning July 2004, and it stopped paying Ms. Wise.

¶5 Ms. Wise sued the City for breach of contract. And she requested her attorney fees under Washington's fair labor regulations, RCW 49.48.030,[1] and her litigation costs under RCW 4.84.010. The City responded that the contract was illegal, ultra vires, and void, and that attorney fees under RCW 49.48.030 are available solely to employees and the judge was not an employee.

---

[1] In a successful action to recover wages or salary owed, the court shall assess reasonable attorney fees against the employer. RCW 49.48.030.

¶6 Ms. Wise moved for summary judgment. The City moved for summary dismissal. The court granted Ms. Wise's motion and denied the City's motion. The court entered judgment for Ms. Wise for unpaid compensation in the amount of $49,500. The court awarded Ms. Wise's costs but rejected her claim for attorney fees.

¶7 The City appeals the judgment upholding the contract. And Ms. Wise appeals the denial of attorney fees.

## DISCUSSION

THE CONTRACT

¶8 The City argues that the contract is both contrary to law and ultra vires and is, therefore, void. Ms. Wise responds that she was appointed, confirmed, and compensated all in accordance with state law, specifically chapter 3.50 RCW, which governs the appointment of municipal judges.

¶9 The questions presented here are issues of law, specifically, the proper application of two statutory schemes, chapter 3.50 RCW and RCW 49.48.030 and, more generally, the authority of the City, its city council, and its mayor to contract for judicial services. Our review is therefore de novo. *Berger v. Sonneland*, 144 Wn.2d 91, 104-05, 26 P.3d 257 (2001).

¶10 This contract was not only lawful under chapter 3.50 RCW, it was required. "Within thirty days after the effective date of the ordinance creating the municipal court, the mayor of each city or town shall appoint a municipal judge or judges of the municipal court for a term of four years." RCW 3.50.040. The Chelan City Council confirmed Judge Wise's appointment by the mayor and her contract. Twice. The council affirmed and adopted the mayor's appointment of Ms. Wise as municipal judge on November 27, 2001, and again, unanimously, on December 13, 2001. The council again ratified this decision in 2003. We are hard pressed, then, to understand how the mayor exceeded her authority in executing this contract.

¶11 The City also contends the contract was ultra vires. But the City presents no authority for the implied proposition that a city or town cannot enter contracts pursuant to specific authorization by the state legislature. Indeed, the City concedes that: "[i]t is without question the City has the power and authority to enter into contracts." Appellant's Br. at 18. And, as we have discussed, there is specific legislative authority for a city to contract for the services of a municipal judge. RCW 3.50.040.

¶12 The City contends that Ms. Wise is not entitled to the agreed compensation because she performed no judicial service after July 2004. This is not material, however. The contract is bilateral, that is, created by the exchange of promises. *Flower v. T.R.A. Indus., Inc.*, 127 Wn. App. 13, 27, 111 P.3d 1192 (2005) (citing *Govier v. N. Sound Bank*, 91 Wn. App. 493, 499, 957 P.2d 811 (1998)), *review denied*, 156 Wn.2d 1030 (2006). In a bilateral contract, it is the exchange of promises—not performance—that makes the contract binding. *Flower*, 127 Wn. App. at 27.

¶13 Neither is this, as the City implies, an attorney-client contract under which the client can discharge its attorney at any time and the attorney may seek compensation solely for professional services actually rendered. *Belli v. Shaw*, 98 Wn.2d 569, 577 n.1, 657 P.2d 315 (1983); *Kimball v. Pub. Util. Dist. No. 1 of Douglas County*, 64 Wn.2d 252, 258, 391 P.2d 205 (1964). The relationship between Ms. Wise and the City was not that of attorney and client. The crucial element was absent: the City could not discharge Ms. Wise at any time without cause. *Belli*, 98 Wn.2d at 577; *Kimball*, 64 Wn.2d at 257. Moreover, unlike Ms. Wise, a lawyer would be protected by the attorney lien statute. He or she could place a lien on any judgment obtained to secure the compensation. RCW 60.40.010(4); *Suleiman v. Cantino*, 33 Wn. App. 602, 606, 656 P.2d 1122 (1983).

¶14 The City argues that a city cannot appoint a municipal judge for a term extending beyond that of the sitting council. The city cites a 90-year-old Arizona case holding that, where the tenure of an appointive office is not

prescribed by statute, the appointee serves at the will of the appointing power. *Town of Tempe v. Corbell*, 17 Ariz. 1, 10, 147 P. 745 (1915). The case does not support the City's argument. The term of office of municipal judges in Washington *is* prescribed by statute. RCW 3.50.040.

¶15 Likewise, the City cites a case[2] in which a municipal officer signed a contract for less than the compensation set by the legislature. The court held that the compensation inhered in the office, not the contract, and the city had to pay the difference. The City argues from this that all officer-compensation contracts signed by cities are void. Again, the City argues that no compensation inheres in municipal offices and that the right to payment cannot, therefore, be based on the common law or an implied contract. The disputed compensation here is, however, not based on either of these—it is based on an express written contract.

¶16 The City contends for the first time on appeal and without an assignment of error that no contract was formed because there was no consideration, because Judge Wise had sworn the oath of office before the contract was signed. Appellant's Br. at 21.

¶17 The essential elements of a valid executory contract are competent parties, legal subject matter, and valuable consideration. *Lager v. Berggren*, 187 Wash. 462, 467, 60 P.2d 99 (1936). The City argued to the trial court that the missing essential elements of this contract were competent parties and legal subject matter. Consideration was not mentioned. We will not address arguments not brought to the attention of the trial court and to which no error is assigned. RAP 2.5(a); *Roberson v. Perez*, 123 Wn. App. 320, 96 P.3d 420 (2004), *review denied*, 155 Wn.2d 1002, 120 P.3d 578 (2005); *State v. McFarland*, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995).

¶18 Fixing the term of office and compensation of municipal judges is in the public interest. And a degree of

---

[2] *Bell v. Town of Mabton*, 165 Wash. 396, 5 P.2d 514 (1931).

judicial independence is preserved by interposing statutory guarantees between the immediate economic fortunes of judges and the unfettered discretion of city councils.

¶19  The contract here was valid and enforceable.

## Statutory Attorney Fees

> In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer.

RCW 49.48.030.

¶20  Ms. Wise first notes that RCW 49.48.030 is a remedial statute and is, therefore, liberally construed in favor of the worker. *Bates v. City of Richland*, 112 Wn. App. 919, 939, 51 P.3d 816 (2002). And, Ms. Wise says, she is (a) a person who (b) recovered a judgment for (c) salary owed to her. And the court, therefore, erred in denying her reasonable attorney fees.

¶21  The City responds that RCW 49.48.030 applies only to employees. And Ms. Wise was not an employee of the City. She was an independent contractor. Second, the City argues, the attorney fee statute applies solely to actions for wages and salary and Ms. Wise's compensation was neither wages nor salary.

¶22  We review a superior court's interpretation of a statute de novo. *City of Walla Walla v. Topel*, 104 Wn. App. 816, 819, 17 P.3d 1244 (2001). The goal of statutory interpretation is to give effect to the intent of the legislature. *Hubbard v. Dep't of Labor & Indus.*, 140 Wn.2d 35, 43, 992 P.2d 1002 (2000). And we rely entirely on the language of the statute if the language is plain. *Johnson v. Kittitas County*, 103 Wn. App. 212, 217, 11 P.3d 862 (2000).

¶23  Here, the language of RCW 49.48.030 is plain. The award of attorney fees is not discretionary. The court "shall" award reasonable fees to "any person" who prevails in an action for wages or salary owed. RCW 49.48.030.

¶24 The trial court was persuaded by the City's contention that attorney fees under RCW 49.48.030 are payable solely to persons who are employees. The statute contains no such limitation; it applies to "any person." *Bates*, 112 Wn. App. at 940.

¶25 The City next argues that Ms. Wise did not recover "wages or salary" for her services, but some other category of compensation that is beyond the statute. But "wages or salary" in this context means any type of compensation owed by reason of services provided. *Id*. It is not limited to money owed for work performed. *Flower*, 127 Wn. App. at 34 (signing bonus); *Bates*, 112 Wn. App. at 937 (pension rights); *Hayes v. Trulock*, 51 Wn. App. 795, 806, 755 P.2d 830 (1988) (back pay). Moreover, the legislature consistently uses the term "salary" in enacting the statutes governing the compensation of municipal judges. RCW 3.46.090; RCW 3.50.080. The Chelan City Council itself used the term "salary" in the ordinance fixing Judge Wise's compensation. Clerk's Papers (CP) at 252. And it attempted to revoke the judge's "salary" by ordinance. CP at 107.

¶26 The plain language of RCW 49.48.030 entitles Ms. Wise to reasonable attorney fees.

¶27 Ms. Wise devotes a section of her brief to a request for attorney fees on appeal pursuant to RAP 18.1. She is entitled to an award of attorney fees on appeal for successfully defending her contract claim judgment. RCW 49-.48.030; *Kohn v. Georgia-Pacific Corp.*, 69 Wn. App. 709, 727, 850 P.2d 517 (1993).

¶28 We affirm the $49,500 judgment to Ms. Wise. And we reverse the denial of attorney fees and remand for a determination of reasonable fees.

Brown and Kato, JJ., concur.