MEMORANDUM *
Defendant Cap Gemini Ernst & Young US, LLC, appeals from the district court’s order awarding attorney fees to Plaintiff Daniel Leslie under Revised Code of Washington (“RCW”) section 49.48.030, following a jury verdict in favor of Plaintiff on a breach of contract claim. We review for abuse of discretion the district court’s award of attorney fees. Oscar v. Alaska Dep’t of Educ. & Early Dev., 541 F.3d 978, 980 (9th Cir.2008). We review de novo the district court’s legal determinations and review for clear error the district court’s factual findings. Id. at 981. We reverse and remand with instructions to vacate the award of attorney fees.
RCW section 49.48.030 (“the statute”) provides in full:
In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney’s fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.
(Emphasis added). The plain text of the statute requires that fees be “assessed against [an] employer or former employer.” [1] Id. The Washington Court of Appeals has held, not surprisingly, that RCW section 49.48.030 “does not authorize an assessment of attorney fees against a party who is not an employer.” City of Kennewick v. Bd. for Volunteer Firefighters, 85 Wash.App. 366, 933 P.2d 423, 425 (1997). We therefore hold that attorney fees under RCW section 49.48.030 are available only when the defendant is an employer.
Plaintiff correctly points out that there is a longstanding presumption under Washington law that RCW section 49.48.030 is to be interpreted liberally in favor of an award of attorney fees. See, e.g., Int’l Ass’n of Fire Fighters, Local 46 v. City of Everett, 146 Wash.2d 29, 42 P.3d 1265, 1267 (2002) (“RCW 49.48.030 is a remedial statute, which should be construed liberally to effectuate its purpose. A liberal construction requires that the coverage of the statute’s provisions be liberally construed in favor of the employee and that its exceptions be narrowly confined.” (citations, alteration, and internal quotation marks omitted)); see also Dice v. City of Montesano, 131 Wash.App. 675, 128 P.3d 1253, 1260 (2006) (describing examples of how Washington “courts have interpreted RCW 49.48.030 broadly”). But that presumption has no application here, where the “express text” of the statute is clear. Jenkins v. Palmer, 116 Wash.App. 671, 66 P.3d 1119, 1121 (2003); see also Silverstreak, Inc. v. Wash. State Dep’t of Labor & Indus., 125 Wash.App. *691 202, 104 P.3d 699, 707 (2005) (“While we acknowledge the remedial purposes of the prevailing wage statute and the liberal construction we must give such a statute, we cannot ignore the plain words of the regulation in effectuating the underlying purposes of the regulation.”); see also Whatcom County v. City of Bellingham, 128 Wash.2d 587, 909 P.2d 1303, 1308 (1996) (“Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.”).
We also reject Plaintiffs reliance on the Washington Court of Appeals’ decision in Wise v. City of Chelan, 133 Wash.App. 167, 135 P.3d 951 (2006). There, the court held that attorney fees may be awarded to “any person,” id. at 954-55, but it did not consider the text at issue here, which directs that attorney fees may be “assessed against [an] employer or former employer,” RCW section 49.48.030 (emphasis added).
In a pretrial ruling, the district court held that, as a matter of law, Defendant was not Plaintiffs employer for purposes of Plaintiffs statutory wage claim. We reject as unsupported Plaintiffs arguments that the district court later overruled its pretrial holding and that the Washington legislature intended a different definition of “employer” in RCW section 49.48.030.
In conclusion, RCW section 49.48.030 authorizes an award of attorney fees only against an employer or former employer, and Defendant was not Plaintiffs “employer.” We therefore reverse the district court’s award of attorney fees to Plaintiff and remand with instructions to vacate the award.[2]
REVERSED and REMANDED with instructions.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The statute uses the term “said employer or former employer,” where no previous reference to an employer exists. The word "said” appears to be a drafting oversight, and Plaintiff does not argue that this one oddity unravels the otherwise clear meaning of the text.

. We need not and do not reach Plaintiff’s alternative argument that the judgment against it, for unpaid commissions, does not qualify as “wages or salary” for purposes of RCW section 49.48.030.